ANNIE CARROLL GARRISS, ADMINISTRATRIX OF JOHNNIE CARROLL, AND ANNIE CARROLL GARRISS, DEPENDENT MOTHER OF JOHNNIE CARROLL, DECEASED, v. HINES BROTHERS LUMBER COMPANY AND PHILLIP LANIER.

(Filed 29 June, 1932.)

1. **Master and Servant F i—Findings of fact by Industrial Commission upon conflicting evidence are conclusive.**

The findings of fact by the Industrial Commission in a hearing before it are conclusive on appeal when supported by any competent evidence.

2. **Appeal and Error K c—New trial will not be granted in the Supreme Court for newly discovered evidence that is merely corroborative.**

A petition for a new trial for newly discovered evidence will not be granted where the evidence is merely corroborative of plaintiff's witnesses and contradictory of defendant's testimony.

CIVIL ACTION, before *Sinclair, J.*, at December Term, 1931, of GREENE.

The plaintiff applied to the Industrial Commission for an award for the death of her son, who was killed on 22 August, 1929, while riding on a truck from a logging camp in Greene County to the city of Kinston. At the hearing the Commission found "as a fact that the death of deceased, Johnnie Carroll, was not the result of an accident which arose out of and in the course of his employment." Thereupon compensation was denied. An appeal was taken by the plaintiff to the full Commission and the following order entered: "Upon the evidence the full Commission affirms the findings of fact and award of Chairman Allen and adopts them as the finding of fact and award of the full Commission."

The plaintiff appealed to the Superior Court, and it was decreed "that the judgment, findings and conclusion of the North Carolina Industrial Commission be, and the same are hereby in all respects confirmed."

From the judgment so entered the plaintiff appealed.

*P. R. Hines for plaintiff.*
*Dawson & Jones for defendants.*

PER CURIAM. The evidence was conflicting. The law has established the Industrial Commission as a tribunal to find the facts in compensation cases. This Court has consistently held in accordance with the statute that, if there is any competent evidence to support the findings of fact made by the Commission, such findings are binding upon the appellate courts. Consequently the judgment is affirmed.

In May, 1932, the plaintiff filed a petition for a new trial for newly discovered evidence. An examination of the proposed evidence, however, discloses that it corroborates certain witnesses for the plaintiff and contradicts certain other testimony. Hence the petition for a new trial does not meet the tests prescribed by law in such cases. *Pridgen v. R. R., ante,* 62.

Petition for new trial, denied.

Judgment of the Superior Court, affirmed.