The hearing Commissioner, J. Dewey Dorsett, found the facts and rendered his opinion and award as follows:
"This case was heard on 2 September, 1930, at Greensboro, North Carolina. When the case was called for trial the defendants admitted that George M. Winberry was dead. They further admitted that at the time of his death he was a regular employee of James H. Farley Company at an average weekly wage of $19.26. They admitted that the death of the deceased, George M. Winberry, was caused by an accident suffered on 15 May, 1930. The defendants denied liability on the sole ground that the accident suffered did not arise out of and in the course of the employment of the deceased with the Farley Stores, Incorporated.
"This case was heard before Dorsett, Commissioner, and an opinion was filed by the Commissioner on 26 September, 1930. From the award rendered in the case the defendants appealed to the Superior Court of Guilford County. The presiding judge, on 11 April, 1931, signed an order setting forth certain reasons and concluding:
"It is now, therefore, ordered that this cause be remanded to the North Carolina Industrial Commission to the end that its decision and award may be corrected, altered or amended accordingly."
"From this order the defendants appealed to the Supreme Court and an appeal bond was fixed at seventy-five dollars. The defendants, before perfecting their appeal, abandoned it and the case is now before the Commission, having been formally certified back to the Industrial Commission by an assistant clerk of the Superior Court, one C. S. Lambeth. The employer in this case is engaged in the clothing business. He sells clothing on the installment plan to customers and employs collectors whose duty it is to go out and locate and collect from their delinquent customers. The deceased was employed as one of the collectors for the defendant, Farley Stores, Incorporated. His widow, Mrs. George M. Winberry, is claiming compensation under the Workmen's Compensation Act of 1929. She contends that her husband, while in the regular course of his employment, and while on a mission for the employer to collect delinquent accounts, was struck on the head by one of these delinquent customers, from which blow her husband died. *Page 81 
The defendants admitted that George M. Winberry, deceased, at the time of his death, was a regular employee of Farley Stores, Incorporated, at an average weekly wage of $19.26, and further admitted that George M. Winberry met his death by accident on 10 May, 1930. They were denying liability in the case on the sole ground that the accident suffered did not arise out of and in the course of the employment of the deceased.
The evidence in the case is that the deceased had made several trips to the place where he suffered his accident to see two colored girls who had delinquent accounts with the Farley Stores, Incorporated. It is also in the record that the Negro man who struck the deceased with a shovel owed an account to the Federal Clothing Company which company had been purchased by the Farley Stores, Incorporated, and that the deceased was also looking for the Negro man who delivered the blow causing the death of the deceased. The Negro man who struck the deceased the death blow was tried in the Superior Court of Guilford County and sentenced to serve a term of twenty years in the State penitentiary. Some time after his confinement in the penitentiary, he suffered a heat stroke from which he died. The Commissioner does not, therefore have the benefit of the testimony of this Negro man in the record as he died before this hearing was conducted.
Under all of the evidence in the case the Commissioner makes the following findings of fact:
1. The parties to this proceeding are bound by the provisions of the North Carolina Workmen's Compensation Act of 1929; the Independence Indemnity Company is the insurance carrier. The employer elected to be bound by the provisions of the Compensation Act; the deceased employee elected to be bound by the provisions of the Compensation Act. The insurance carrier is a company doing business in North Carolina and writing workmen's compensation insurance.
2. On 10 May, 1930, the deceased, George M. Winberry, was regularly employed by Farley Stores, Incorporated, of Greensboro, North Carolina, at an average weekly wage of $19.26.
3. On 10 May, 1930, during his regular hours of employment, and while performing a duty for which he was hired, the deceased suffered an injury by accident, the said injury resulting in his death. In other words, the accident arose out of and in the course of the employment.
4. The deceased, at the time of his death, had dependent upon him for support his wife, Mrs. George M. Winberry. Mrs. Winberry was the only one dependent upon the deceased at the time of the accident and was wholly dependent upon the earnings of the deceased for her support. At the time of the accident she was living with her husband.
5. The injury by accident was caused by an assault upon the deceased by one Archie Robinson. The said Archie Robinson was tried in the *Page 82 
Superior Court of Guilford County and for this assault was sentenced to serve twenty years in the State penitentiary. After being confined for a short while in the penitentiary Robinson suffered from heat prostration and died.
6. From the evidence in this case we find as a fact that the deceased was on a mission for the employer at the time of the assault; that he had delinquent accounts from two girls who lived in the same house occupied by Archie Robinson, as well as a delinquent account to collect from Archie Robinson, and in attempting to collect these accounts the deceased did not wilfully intend to injure himself or to kill another. In other words, the injury sustained by the deceased resulting in his death was not the result of wilful intent on the part of the deceased to injure or kill himself or another.
Upon the foregoing findings of fact are based the following conclusions of law:
As stated in the statement of the case, an opinion was written and filed on 26 September, 1930. The case was appealed to the Superior Court of Guilford County and Judge Shaw remanded the same to the Commission on the ground that the Commission had erroneously mixed its findings of fact and conclusions of law. We are of the opinion that the term "arising out of and in the course of" is a mixed question of fact and law and that it is impossible to separate it. We are further of the opinion that it was necessary to find as a fact that the injury sustained by the deceased, resulting in his death, was not the result of wilful intent of the deceased to injure or kill himself or another because in the case of Conrad v.Foundry Company the Court, speaking through Justice Adams, remanded the case because such a finding had not been made.
In this connection it is interesting to note that the Appellate Court of Indiana has laid down for the Industrial Commission of that state the findings of fact which should be made in every case. The Court says: "In cases of this character there are five facts which must be found as a legal basis for an award of compensation: (1) That the claimant was an employee; (2) that he received an injury by accident; (3) that the injury arose out of and in the course of the employment; (4) the character and extent of such injury; (5) claimant's average weekly wage. Munsey Foundry Machine Co.v. Thompson, 123 N.E. 196."
In every case which has been tried by this Commission we have found that it was necessary to find in each case that the accident did arise out of and in the course of the employment before compensation could be allowed. Several courts have held that the phrase is a mixed question *Page 83 
of fact and law and that it is impossible to divide it. We are of the same opinion. In every case which has been before our Supreme Court that finding has been made and the Court, in every instance, has evidently thought it was a proper finding as no case has been remanded on account of such finding.
The sole defense interposed by the defendants in this case is that the accident causing the death of the deceased did not arise out of and in the course of the employment. The defense, however, does hint at wilful misconduct on the part of the deceased but that defense was not pressed.
The Legislature has spoken in unmistakable terms with reference to when an injured employee or the dependent of such employee is entitled to receive compensation for injuries sustained, or when the claimants are entitled to receive compensation for the death of an injured employee. Section 2(f) of the act says in simple language that "Injury and personal injury shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except where the disease results naturally and unavoidably from the accident." The defendants admit that the deceased died as the result of a blow received at the hands of one Archie Robinson, but they deny liability on the ground that the deceased was not in the course of his employment when he received this blow, and that the deceased did not receive this blow because of the employment. The defense interposed by the defendants necessitates that the Commission again define what we believe the phrases "out of" and "in the course of" mean. These phrases have been defined in language which cannot be improved upon by this Commission in that famous and leading case, In reEmployers Liability Assurance Corp., 215 Mass. 497, 102 N.E. 697, L.R.A., 1916A, 306.
"The Legislature intended to extend the provisions of the law to all employees while in and about any premises where they may be engaged in the performance of their duties and while at any place where their services or any act, task or mission which forms a necessary part of their services may reasonably require them to be."
From all the facts it may reasonably be found that the deceased was engaged in the performance of his duties of calling on and collecting from his employer's customers who were delinquent in their accounts on the date of the accident. That being true, the Commission should find that the accident which resulted in his death arose out of and in the course of his employment.
A case almost in point with the instant one, Conrad v. Cooke-Lewis Foundry Company and the American Mutual Liability Insurance Company, was heard by this Commission and appealed to the Superior and Supreme Courts of this State; the Supreme Court upholding the findings *Page 84 
of fact and conclusions of law of the Commission said: "There must be some causal relation between the employment and the injury but if the injury is one which after the event may be seen to have had its origin in the employment it need not be shown that it is one which ought to have been foreseen or expected." The Court further says: "An accident arising in the course of the employment is one which occurs while the employee is doing what a man so employed may reasonably do within a time during which he is employed and at a place where he may reasonably be during that time and to do the thing or one which occurs in the course of the employment and as the result of a risk involved in the employment or incident to it or to conditions under which it is required to be performed."
In this case the defendants in their brief say that the assault or fight, was brought on by the wilful intention of the deceased to injure Archie Robinson. On this point the burden of proof is upon him who claims exemption under this section (section 13) and under the evidence this burden has not been sustained by the defendants and we have so found.
The principle applied to the facts in the present case lead to the conclusion that the injury arose out of and in the course of the employment and that it was not caused by the wilful intention of the deceased to injure himself or another. The following award will therefore issue:
The defendants are directed to pay to Mrs. George M. Winberry, widow of the deceased, compensation at the rate of sixty per cent of $19.26, or $11.56, per week for a period of 350 weeks and pay all hospital and medical bills incurred because of the accident and death and pay funeral expenses not to exceed two hundred dollars. All the compensation which is past due will be paid in a lump sum.
Concerning the costs in this matter, it is directed that the same be paid by the defendants. An attorney's fee in the amount of $250.00 is approved for the attorneys representing the claimant.
Upon appeal to the full Commission, the findings of fact, conclusions of law, and award of the hearing Commissioner were sustained. "The motion to dismiss is denied upon authority of the case of Moore v. Pine Hall Brick and Pipe Co., heard before the full Commission 6 January, 1932. Upon consideration of all the evidence and arguments and briefs of counsel, the full Commission affirms and adopts as its own the findings of fact, conclusions of law, and award of Commissioner Dorsett."
The Superior Court found "that upon the record there is no evidence to support a finding that the accident resulting in the death of the deceased arose out of his employment or was not the result of his wilful *Page 85 
intent to injure or kill himself or another. It is now, therefore, ordered and adjudged that the decision and award of said North Carolina Industrial Commission be and it is hereby reversed and set aside; that plaintiff take nothing by her action and that defendants go without day and recover of plaintiff their costs of action."
The plaintiff excepted and assigned error to the judgment as signed and appealed to the Supreme Court.
The question involved: Did the accident resulting in the death of the deceased arise out of and in the course of his employment, rather than the result of his own wilful intent to injure or kill himself or another? We have read the evidence with care and think there was sufficient evidence to sustain the findings of fact of the North Carolina Industrial Commission, that the accident resulting in the death of the deceased arose out of and in the course of his employment and not as a result of his own wilful intent to injure or kill himself or another.
In Moore v. State, 200 N.C. at p. 301, the following observations are made: "The award of the Industrial Commission is conclusive and binding as to all questions of fact. Workmen's Compensation Law (P. L., 1929, chap. 120), sec. 60. Whether an injury by accident has arisen out of and in the course of a person's employment is a mixed question of law and fact, and while the parties to an action or proceeding may admit or agree upon facts they cannot make admissions of law which will be binding upon the courts."Harden v. Furniture Co., 199 N.C. 733; Hunt v. State, 201 N.C. 707;Brown v. Ice Co., 203 N.C. 97; Kenan v. Motor Co., 203 N.C. 108; Garrisv. Hines Bros., 203 N.C. 148; Munford v. Construction Co., 203 N.C. 247;Richey v. Cotton Mills, 203 N.C. 595; Johnson v. Bagging Co., 203 N.C. 579.
In Greer v. Laundry Co., 202 N.C. at p. 731, we find: "It is further provided in said act that an award made by the North Carolina Industrial Commission in a proceeding begun and prosecuted before said Commission for compensation shall be conclusive and binding as to all questions of fact. It has accordingly been held by this Court that only questions of law involved in an award made by the Commission in a proceeding of which the Commission has jurisdiction may be considered and passed upon by the judge of the Superior Court on an appeal to *Page 86 
said court from an award made by the North Carolina Industrial Commission.Aycock v. Cooper, ante, 500, 163 S.E. 569, and cases cited in the opinion in that case."
In Conrad v. Foundry Co., 198 N.C. 723, the facts are similar and this Court speaking to the subject at p. 725-6, said: "The condition antecedent to compensation is the occurrence of an (1) injury by accident, (2) arising out of and in the course of the employment. Was the injury suffered by the claimant an injury by accident? In construing the word `accident' as used in the compensation act we must remember that we are not administering the law of negligence. Under the law an employee can recover damages only when the injury is attributable to the employer's want of due care; but the act under consideration contains elements of mutual concession between the employer and the employee by which the question of negligence is eliminated. `Both had suffered under the old system, the employer by heavy judgments, . . . the employee through old defenses of exhaustion in wasteful litigation. Both wanted peace. The master in exchange for limited liability was willing to pay on some claims in the future where in the past there had been no liability at all. The servant was willing not only to give up trial by jury, but to accept far less than he had often won in court, provided he was sure to get the small sum without having to fight for it.' Stertz v. Industrial Commission, 91 Wn. 588, 158 P. 256." For the reasons given, the judgment of the court below is
Reversed.