MRS. RUTH HOWELL HOLMES, WIDOW OF S. T. HOLMES, DECEASED, v.
M. G. BROWN COMPANY, INC., EMPLOYER, AND LUMBER MUTUAL
CASUALTY COMPANY OF NEW YORK, CARRIER.

(Filed 27 February, 1935.)

1. Master and Servant F b—

Each of the antecedent elements of an injury by accident, which arises
out of and in the course of employment, is necessary to an award of com-
pensation under the Workmen's Compensation Act.

2. Master and Servant F i—Findings of Industrial Commission supported
by competent evidence are binding upon courts upon appeal.

The Industrial Commission found upon competent supporting evidence
that claimant's injury did not arise out of his employment. Upon appeal
the Superior Court interpreted this finding in the light of the evidence
before the Commission, but reached the same conclusion: *Held*, the
finding of the Commission was binding on the court, and it was without
authority to interpret the finding in the light of the evidence, but as the
same result was reached the error was harmless.

APPEAL by plaintiff from *Moore, Special Judge,* at December Term,
1934, of CHOWAN. Affirmed.

This was a proceeding brought under the Workmen's Compensation
Act by the dependent widow of S. T. Holmes to determine the liability
of employer and carrier for the death of her husband.

The evidence tends to show that the deceased, an employee, suffered
fatal injury while in the course of his employment; that said fatal
injury was inflicted by a pistol in the hands of one Short, who immedi-
ately killed himself with the same pistol. From the evidence more than
one inference might reasonably have been drawn, and the hearing Com-
missioner found "as a fact that the death of the deceased was not the
result of an accident which arose out of and in the course of his employ-
ment," and issued an award denying compensation and dismissing the
claim.

From the award by the hearing Commissioner the plaintiff appealed
to the full Commission, which found as a fact "that the murder of the
deceased did not arise out of his employment," and concluded that "com-
pensation was properly denied."

From the full Commission the plaintiff appealed to the Superior
Court. The judgment of the Superior Court contains the following:
". . . It being conceded by the plaintiff and the defendants that the
evidence before the hearing Commissioner and before the Industrial
Commission was uncontradicted and undisputed, and that the facts are
as the evidence tends to show, and that the findings of the hearing Com-
missioner and the Industrial Commission should be interpreted in con-

nection with said undisputed evidence and, so interpreted, mean that in the mind of J. J. Short, murderer of S. T. Holmes, deceased, there was a connection between the murder and the employment, growing out of the fact that Holmes had spoken to Short about taking too long on trips to Norfolk for his employer, and out of the fact that Short erroneously and irrationally thought that Holmes was responsible for reductions in Short's earnings and for the conditions under which Short was working, but that such connection was an irrational one, and due to the abnormal and disordered condition of Short's mind, and further that there was no personal grievance on the part of Short against Holmes disconnected with the employment, and further, the murder was committed in the course of the employment." It is then adjudged, "upon consideration of the above and of the evidence offered before the hearing Commissioner and the Industrial Commission, and of the findings of the hearing Commissioner and the Industrial Commission, as herein conceded and interpreted, . . ." that the award be affirmed and the claim dismissed.

From the judgment of the Superior Court the plaintiff appealed to the Supreme Court, assigning error.

*Herbert Leary and McMullan & McMullan for appellant.*
*Walter Hoyle and W. D. Pruden for appellees.*

SCHENCK, J. "The condition antecedent to compensation is the occurrence of an (1) injury by accident (2) arising out of and (3) in the course of employment." *Conrad v. Foundry Co.,* 198 N. C., 723. The first and third antecedent occurrences are found for the plaintiff, but both the hearing Commissioner and the Industrial Commission found that the death of the deceased did not arise out of his employment, which finding, since it is supported by competent evidence, was binding upon the Superior Court and is binding upon us. *Winberry v. Farley Stores, Inc.,* 204 N. C., 79; *Webb v. Tomlinson,* 202 N. C., 860, and cases there cited.

The judge of the Superior Court was bound by the findings of fact of the Commission, and was without authority to add thereto or to take therefrom, by reason of any concession made by the parties as to the meaning of such findings interpreted in the light of the evidence. However, if his Honor predicated his judgment upon any conception that such concession in any way effected the findings of fact it was harmless error, since the same result, namely, an affirmation of the judgment of the Commission, should have been reached upon the facts found, which were conclusive.

Affirmed.