### MISS ALMA LEE v. ROSE'S 5-10-25c STORES ET AL.

(Filed 11 October, 1933.)

**Master and Servant F h—**

> Where the findings of the Industrial Commission, supported by evidence, are to the effect that a review of the award of compensation is sought by an employee more than twelve months from the date of the last payment, the order of the Commission denying further compensation will be upheld by the courts. N. C. Code, 8081(bbb).

CIVIL ACTION, before *Frizzelle, J.,* at June Term, 1933, of JOHNSTON.

The plaintiff was employed by the defendant as a clerk in August, 1928, and thereafter on or about 14 May, 1930, while she was engaged in cleaning out a candy case, it became necessary for her to lift heavy boxes of candy, and in doing so she sustained certain physical injuries. She stayed out from work ten or twelve days and returned to her duties. She was paid her full salary, and in addition a compensation check for four days' disability, was sent to her and duly endorsed. Thereafter she returned to the store and worked until 12 September, 1931, when she was discharged because she was unable to properly perform her duties. On 2 May, 1932, she filed notice with the Industrial Commission, asserting that there was a recurrence of disability, and that she was suffering severe and permanent injury.

The cause was heard by a commissioner, and upon denial of an award it was appealed to the full Commission. The full Commission affirmed the judgment of the hearing commissioner, and upon appeal to the Superior Court, there was judgment approving the "findings of fact, conclusions of law and award of the Industrial Commission."

From such judgment the plaintiff appealed.

*Winfield H. Lyon for plaintiff.*
*Thomas A. Banks for defendant.*

PER CURIAM. The hearing commissioner found that "the plaintiff in this case signed an agreement for compensation in 1930. Compensation was paid and the last payment was made on 19 July, 1930. The plain-

tiff claims to have notified the employer on 7 August, 1931, of the recurrence of the disability caused by the injury on 14 May, 1930. The first notice of a recurrence of disability was filed with the Industrial Commission on 2 May, 1932, or nearly two years after the final receipt was signed by the plaintiff."

Section 46 of the Workmen's Compensation Act, C. S., 8081(bbb), provides that "no review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this chapter."

There was competent evidence to support the findings of the Industrial Commission that the last payment of compensation was made on 19 July, 1930. The statute is plain and unambiguous, and no reason occurs why it should not be enforced according to the plain provisions.

Affirmed.