NUMA E. KNIGHT v. FORD BODY COMPANY ET AL.

(Filed 15 June, 1938.)

1. **Master and Servant § 42—Industrial Commission may review award for changed condition upon petition filed within year from last payment.**

Claimant was awarded compensation, and payments thereunder were made from time to time. Thereafter the Industrial Commission, upon application of the interested parties, ordered payment of a lump-sum award, which was made. Within a year from the last payment, claimant filed petition for review of award for changed condition. *Held:* The petition for review for changed condition was filed within the time allowed, ch. 120, Public Laws of 1929, as amended by ch. 274, Public Laws of 1931, N. C. Code, 8081 (bbb), and the award by the Commission of additional compensation for total disability upon its finding, supported by evidence, that claimant had experienced a change in his condition since the last award, will be upheld by the courts.

2. **Master and Servant § 55d—**

When there is ample evidence to support a finding of a change in claimant's condition as contemplated by N. C. Code, 8081 (bbb), and evidence which would support a contrary finding, the finding of the Industrial Commission from the conflicting evidence is conclusive.

APPEAL by defendants from *Hill, Special Judge,* at February Term, 1938, of GUILFORD.

Proceeding under Workmen's Compensation Act to review award on ground of change in condition.

On 3 October, 1934, while in the employ of Ford Body Company, the plaintiff received an injury to his left hand; blood poison set in; and as a consequence he lost the use of his arm from the elbow down.

Compensation was agreed upon and approved by the North Carolina Industrial Commission on 13 November, 1934. Payments were accordingly made from time to time, and thereafter, on 6 January, 1936, the Industrial Commission received from the interested parties an application for a lump-sum award, which was approved 20 February, 1936, and payment made four days later.

On 5 January, 1937, the plaintiff filed his petition for a review of the award on the ground of a change in his condition, alleging that the poison which set in from the accident of 3 October, 1934, had never been completely removed from his system, and that other portions of his body had lately become involved.

The hearing Commissioner made findings which were later adopted and approved by the Full Commission. The pertinent ones follow:

"1. Under an agreement that can be found in the record compensation has been paid in this case to 16 February, 1936.

"2. The defendants are contending that disability as a result of the accident terminated on or about that date. Plaintiff is contending that he has had a change of condition and that he has been totally disabled since 1 January, 1937. He contends that he is suffering as a result of his accident from a disease known as Buerger's Disease.

"The record contains the testimony of several experts, including Dr. Bullitt, pathologist at the University of North Carolina.

"3. From all the evidence in the record the Commissioner finds as a fact that the plaintiff at the present time is totally disabled and that he has been totally disabled since January of 1937; that he has had a change of condition; that his condition at this time has been caused by the injury by accident suffered while employed, and the Commissioner orders that compensation payments be resumed as of 1 January, 1937."

From the award of the Full Commission, the defendants appealed to the Superior Court, where the award was affirmed, and from this ruling the defendants appeal, assigning errors.

*E. D. Kuykendall, Jr., and E. D. Broadhurst for plaintiff, appellee.*

*Ruark & Ruark and Henderson & Henderson for defendants, appellants.*

STACY, C. J. The last payment of compensation under the previous award was made in February, 1936, and the petition for review on

ground of change in condition was filed 5 January, 1937. This is within the year as contemplated by section 46 of the Workmen's Compensation Act, ch. 120, Public Laws 1929, as amended by ch. 274, Public Laws 1931, which provides that "no such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this article." N. C. Code of 1935 (Michie), 8081 (bbb) ; *Lee v. Rose's Stores,* 205 N. C., 310, 171 S. E., 87.

The finding is that plaintiff has experienced a change in his condition since the last award, growing out of the injury of 3 October, 1934, and that he has been totally disabled since January, 1937. It is a reasonable inference, if not a direct finding of the hearing Commissioner, approved by the Full Commission, that plaintiff's total disability occurred 1 January, 1937, as compensation payments were ordered to be resumed as of that date.

There is ample evidence to support the finding of a change in plaintiff's condition as contemplated by the act. *Smith v. Swift & Co.,* 212 N. C., 608; *Butts v. Montague Bros.,* 208 N. C., 186, 179 S. E., 799. There is also evidence which would have supported a contrary finding. *Allen v. Mottley Const. Co.,* 170 S. E. (Va.), 412. With this conflict, however, we are not concerned. It is fully established by numerous decisions that the findings of fact made by the Industrial Commission, if supported by competent evidence, are conclusive on appeal, and they are not subject to review by the courts. *Carlton v. Bernhardt-Seagle Co.,* 210 N. C., 655, 188 S. E., 77; *Swink v. Asbestos Co., ibid.,* 303, 186 S. E., 258; *Bryson v. Lumber Co.,* 204 N. C., 664, 169 S. E., 276.

It results, therefore, that the judgment must be upheld.

Affirmed.