JOE HEGLER, Guardian, v. CANNON MILLS CO.

(Filed 22 November, 1944.)

**1. Master and Servant § 40e—**

    Where there is friction and enmity between two employees, growing out of criticism of the work of one of them by the other and complaint thereof to the employer and the employee, whose work was criticized, assaulted his fellow worker from anger and revenge over such criticism, which resulted in the death of the one assaulted, such death occurred from an accident in the course of the employment, and there is sufficient inference that it arose out of the employment.

**2. Master and Servant § 52c—**

    When the record is such as to permit findings either for or against a party, the determination of the Industrial Commission is conclusive on appeal.

APPEAL by defendant from *Armstrong, J.,* at April Term, 1944, of CABARRUS.

Proceeding under Workmen's Compensation Act to determine liability of defendant to Margaret Hegler, minor daughter and surviving dependent of Ernest F. Hegler, deceased employee.

In addition to the jurisdictional determinations, the essential findings of the Industrial Commission follow:

Ernest Hegler and Grady Smith were employed as scrubbers in the Cannon Mills.  They worked together for about a year.  Then Hegler, who was foreman of the scrubbing crew, was given other work and transferred to the supply room.  Smith succeeded him as foreman of

the scrubber team. Friction developed between the two—which continued for nearly a year—because Hegler sought to direct Smith's work without authority over him, complained at the manner in which the scrubbing was done and finally reported the matter to officials of the company. This report angered Smith and he threatened to get even with Hegler, stating that he had given notice of his intention to quit the mill and "was going to kick him (Hegler) all over the cloth room" before leaving. Two days later, Smith was in the department where Hegler worked and called to him, but Hegler turned and walked in an opposite direction. Whereupon, Smith followed him, struck him on the head and injured him to such an extent that he died in a few hours as a result of the injury.

This from the record: "Q. Why did you hit him, Mr. Smith? A. I figured he didn't have anything to do with my work that I was doing. I was going ahead with it like he told me to do when he left to go to the supply room. I figured he was trying to tend to my job and his too and I figured he had enough to do with it if he had stayed away and let me alone there wouldn't have been anything of it."

The deceased and Smith never had any association, one with the other, outside the mill. They never came in contact with each other except in the mill. The Commission finds "that the accident which resulted in the death of plaintiff's deceased grew out of and was an incident to his employment."

Upon the facts found, the Commission awarded compensation, and this was affirmed on appeal to the Superior Court. From this latter ruling, the defendant appeals, assigning errors.

*Bernard W. Cruse and W. S. Bogle for plaintiff, appellee.*
*W. H. Beckerdite and Hartsell & Hartsell for defendant, appellant.*

STACY, C. J. The question here posed is whether the record permits the inference that Hegler's death resulted from an injury by accident arising out of and in the course of his employment. If so, the judgment is correct; otherwise, it should be reversed.

That the accident occurred in the course of the employment is conceded, or at least the fact is apparent. *Conrad v. Foundry Co.,* 198 N. C., 723, 153 S. E., 266. That it arose out of the employment is a legitimate inference from the record. *Ashley v. Chevrolet Co.,* 222 N. C., 25, 21 S. E. (2d), 834.

Smith was angered because the deceased criticized his work and complained about it to the officials of the company. The assault followed two days after the report to the company and was thus directly connected with the employment. The Commission so finds, and this makes

it a compensable death under the Workmen's Compensation Act. *Eller v. Leather Co.,* 222 N. C., 23, 21 S. E. (2d), 809.

It is true, the assailant had been heard to say that he was going to kick the deceased all over the cloth room before leaving, but this was because of resentment over the impeachment of his work. Undoubtedly the friction between the two employees, which continued with intermittent bickerings for nearly a year, had its origin in the employment. While the assault may have resulted from anger or revenge, still it was rooted in and grew out of the employment. Anno. 72 A. L. R., 110.

To accept the defendant's version of the matter, even though it may appear the more reasonable, would be to reject the opposing inferences which support the fact-finding body. *Kearns v. Furniture Co.,* 222 N. C., 438, 23 S. E. (2d), 310; *Lassiter v. Tel. Co.,* 215 N. C., 227, 1 S. E. (2d), 542. Where the record is such as to permit either finding, the determination of the Industrial Commission is conclusive on appeal. *Buchanan v. Highway Com.,* 217 N. C., 173, 7 S. E. (2d), 382; *Lockey v. Cohen, Goldman Co.,* 213 N. C., 356, 196 S. E., 342.

The award in *Wilson v. Boyd & Goforth,* 207 N. C., 344, 177 S. E., 178, on the facts there appearing, which was sustained on appeal, lends color to the conclusion here reached. See, also, *Anderson v. Security Building Co.,* 100 Conn., 373, 123 Atl., 843, 4 A. L. R., 1119.

Speaking to a similar situation in *Pekin Cooperage Co. v. Industrial Com.,* 285 Ill., 31, 120 N. E., 530, where a workman was injured in a quarrel with another over interference with his work, the Court said: "Where men are working together at the same work disagreements may be expected to arise about the work, the manner of doing it, as to the use of tools, interference with one another, and many other details which may be trifling or important. Infirmity of temper, or worse, may be expected, and occasionally blows and fighting. Where the disagreement arises out of the employer's work in which two men are engaged and as a result of it one injures the other, it may be inferred that the injury arose out of the employment."

In *Chambers v. Oil Co.,* 199 N. C., 28, 153 S. E., 594, Brogden, J., put it this way: "It is a self-evident fact that men required to work in daily and intimate contact with other men are subjected to certain hazards by reason of the very contact itself because all men are not alike. Some are playful and full of fun; others are serious and diffident. Some are careless and reckless; others are painstaking and cautious. The assembling of such various types of mind and skill into one place must of necessity create and produce certain risks and hazards by virtue of the very employment itself. . . . Such risks, therefore, are incident to the business and grow out of it. In an ordinary suit for damages for personal injury the workman assumes the ordinary risks of the business,

but the Compensation Act in such case imposes the ordinary risk of the business upon the employer. That is to say, the employer and not the workman must assume the ordinary risks of the business or employment."

The judgment of the Superior Court will be upheld.

Affirmed.