ALEX CREIGHTON, Employee, v. W. E. SNIPES, F. R. SNIPES, SR., and F. R. SNIPES, JR., Trading as DIXIE LUMBER COMPANY, Insured by FIDELITY & CASUALTY COMPANY; and/or W. E. (WADE) SNIPES, Individually, Insured by FARM BUREAU MUTUAL AUTOMOBILE INSURANCE COMPANY.

(Filed 18 December, 1946.)

**1. Master and Servant § 39b—**

    Evidence tending to show that in moving a sawmill from one location to another the employee was under the detailed supervision of the employer's

foreman but that there was an agreement that when the sawmill was ready for operation at its new location the employee would operate it as an independent contractor, does not support a contention that the employee was an independent contractor while working in moving the sawmill, and an injury received by him during this operation is compensable under the Workmen's Compensation Act.

**2. Master and Servant § 39f—Evidence held to support finding that at time of injury claimant was employee of partnership and not of partner individually.**

The evidence tended to show that the partnership operated a lumber company and that one of the partners individually owned and operated a sawmill, that the sawmill had been used by the lumber company on its premises under a rental agreement and was being moved to another location to cut lumber owned by the lumber company. The evidence also tended to show that an employee in operating the sawmill and in moving it to a new location was working under the supervision of the superintendent of the lumber company and was paid by it, though his wages were charged against the account of the partner individually. The employee was injured by accident while engaged in moving the sawmill to the new location. *Held:* The evidence sustains the finding of the Industrial Commission that at the time of the injury the employee was employed by the lumber company, and such finding is conclusive even though the evidence might support a finding to the contrary.

**3. Master and Servant § 55d—**

Findings of fact of the Industrial Commission which are supported by competent evidence are conclusive on the courts even though there may be evidence which would have supported a finding to the contrary.

APPEAL by defendants, Wade E. Snipes, F. R. Snipes, Sr., and F. R. Snipes, Jr., trading as Dixie Lumber Company, and Fidelity & Casualty Company, from *Carr, J.,* at April Term, 1946, of GUILFORD.

Claim for compensation under the Workmen's Compensation Act.

The pertinent facts are as follows:

1. The Dixie Lumber Company is a partnership, composed of Wade E. Snipes, F. R. Snipes, Sr., and F. R. Snipes, Jr. Wade E. Snipes was, at the time the claimant was injured, the manager of the partnership. He also owned two sawmills which he contends were operated by him individually.

2. The Fidelity & Casualty Company is the insurance carrier for the Dixie Lumber Company. Farm Bureau Mutual Automobile Insurance Company is carrier for Wade E. Snipes individually.

3. In July, 1944, Alex Creighton, the claimant, was employed by Wade E. Snipes to saw lumber at a sawmill located on the yard of Dixie Lumber Company. Creighton's wages were 90 cents an hour. He was not informed whether he was employed to work for Snipes individually or for the Dixie Lumber Company. Dixie Lumber Company paid his wages. Snipes testified the sawmill was being used by the Dixie Lumber

Company under a rental agreement. The sawing on the yard of Dixie Lumber Company was finished about 7 August, 1944. Thereafter, Alex Creighton was employed to make certain repairs to the sawmill, and to move it to a new location. His wages for this work were to continue at 90 cents an hour. The work not only involved repairs to the sawmill, but required the building of certain bridges and clearing a road to the new site. The timber to be sawed belonged to Dixie Lumber Company. Creighton was to operate the mill on a rental basis after it was moved and put in operation.

4. On 12 August, 1944, while engaged in work in connection with the moving of the sawmill, the claimant was seriously injured.

5. W. O. Willard was foreman of Dixie Lumber Company. The repairs to the sawmill, the selection of the new site and all other work in connection with its removal to the new location, was supervised in detail by the foreman of the Dixie Lumber Company. Dixie Lumber Company furnished the material necessary to repair the sawmill, the lumber to build the bridges and the trucks to move the mill. Creighton was directed by the foreman of the Lumber Company to purchase certain items needed in the repair of the sawmill and to have them charged to the Dixie Lumber Company. The partnership also furnished some of its regular employees to assist in building the bridges and in moving the sawmill.

Wade E. Snipes testified: "I actually run and manage the business, to my best judgment for the partnership. I actually run my own business for myself. The Dixie Lumber Company pays Willard . . . this was an interlocking proposition, benefitting myself and benefitting my company." The evidence also tends to show that the foreman of the Dixie Lumber Company and Snipes exercised supervision of the lumber plant and the sawmill.

6. There was evidence tending to show that all wages paid to Creighton and other workers at the sawmill were charged to Wade E. Snipes individually, on the books of the partnership. It is admitted, however, Creighton knew nothing of this arrangement. There is no evidence tending to show that material furnished for the repair of the sawmill by the Dixie Lumber Company, or the lumber used in the construction of the bridges, was charged to Snipes, individually. The foreman of Dixie Lumber Company, Mr. Willard, testified: "I didn't know when I took instructions from Mr. Wade Snipes as to whether he was giving instructions for himself, the Dixie Lumber Company, or what-not. He's the man that signed the checks and paid me. . . . I didn't know anything about the bookkeeping and things like that."

The North Carolina Industrial Commission found that the claimant was an employee of Wade E. Snipes, F. R. Snipes, Sr., and F. R. Snipes, Jr., trading as Dixie Lumber Company, at the time of his injury,

and that the injury arose out of and in the course of his employment. Award to claimant for compensation was made. Defendant, Dixie Lumber Company, and its insurance carrier, Fidelity & Casualty Company, appealed to the Superior Court. Exceptions were duly filed, challenging the findings of fact and conclusions of law, for that the findings of fact were not supported by competent evidence.

In the Superior Court the award of the Industrial Commission was in all respects affirmed. These defendants appealed to the Supreme Court, assigning error.

*G. C. Hampton, Jr., for plaintiff.*

*Sapp & Moore for F. R. Snipes, Sr., F. R. Snipes, Jr., and Wade E. Snipes trading as Dixie Lumber Company, and Fidelity & Casualty Company of New York.*

*Smith, Wharton & Jordan and Arthur O. Cooke for Wade Snipes, individually, and Farm Bureau Mutual Automobile Insurance Company.*

DENNY, J. The appealing defendants insist that Alex Creighton, at the time of his injury, was an independent contractor and that there is no competent evidence to sustain the finding of the Commission that at such time he was an employee of Dixie Lumber Company.

There is evidence tending to show that Creighton had agreed that when the sawmill was ready for operation at its new location, he would operate it as an independent contractor. We do not think, however, the evidence supports the contention that such a relationship existed at the time of claimant's injury.

The appellants also contend that if an employer-employee relationship existed at the time of claimant's injury, it existed between claimant and Wade E. Snipes, individually, and not between him and the Dixie Lumber Company.

We think the finding of the Commission that at the time of claimant's injury, he was an employee of Dixie Lumber Company is supported by competent evidence. Moreover, where the evidence is such as to permit either a finding that a claimant, at the time of his injury, was or was not an employee of an employer the determination of the Industrial Commission is conclusive on appeal, *Hegler v. Mills Co.,* 224 N. C., 669, 31 S. E. (2d), 918; since under our practice, if there is any competent evidence to support a finding of fact of the Industrial Commission, such finding is conclusive on appeal, even though there is evidence that would have supported a finding to the contrary. *Rewis v. Ins. Co.,* 226 N. C., 325, 38 S. E. (2d), 97; *Kearns v. Furniture Co.,* 222 N. C., 438, 23 S. E. (2d), 310; *Buchanan v. Highway Com.,* 217 N. C., 173, 7 S. E. (2d), 383; *Lockey v. Cohen, Goldman & Co.,* 213 N. C., 356, 196 S. E., 342;

*Clark v. Woolen Mills,* 204 N. C., 529, 168 S. E., 816; *Bain v. Mfg. Co.,* 203 N. C., 466, 166 S. E., 301; *Cabe v. Parker-Graham-Sexton, Inc.,* 202 N. C., 176, 162 S. E., 223.

The judgment of the Superior Court will be upheld.

Affirmed.