WILLIAM HOWARD TUCKER (EMPLOYEE)—PLAINTIFF, v. C. V. LOWDER-MILK (EMPLOYER) AND FIDELITY & CASUALTY COMPANY OF NEW YORK (CARRIER), DEFENDANTS.

(Filed 2 February, 1951.)

**1. Master and Servant § 40e—**

Where it is in evidence that defendants agreed that plaintiff employee's disability resulted from the accident and there is evidence that a subsequent disability was accompanied by similar pain in the employee's back and chest, and there is expert opinion testimony that plaintiff had injured an intervertebral disc, which injury would not show up on an X-ray, *held* the evidence supports the finding that the subsequent disability resulted from the accident notwithstanding testimony by other expert witnesses that they were unable to find any definite and conclusive cause for plaintiff's subsequent condition.

**2. Master and Servant § 55d—**

If there is any competent evidence to support a finding of fact by the Industrial Commission, such evidence is conclusive on appeal, even though there is evidence that would support a finding to the contrary.

**3. Master and Servant § 53a—**

An agreement for the payment of compensation which is approved by the Commission is as binding as an award. G.S. 97-87.

**4. Master and Servant § 53c—**

The parties entered into an agreement for payment of compensation, approved by the Industrial Commission, which provided for payment of compensation "for necessary weeks" and stipulated that the employee had theretofore returned to work. The employer notified the Commission of final payment under such agreement, G.S. 97-18 (e). *Held:* A request for review of the award for changed condition made some sixteen months

thereafter is barred, G.S. 97-47, since the disability for which compensation was agreed to be paid presumably terminated when the employee returned to work prior to the execution of the agreement, and therefore the phrase of the agreement "for necessary weeks" cannot be enlarged to include the subsequent disability.

**5. Same—**

Where the parties agreed to the payment of compensation, approved by the Industrial Commission, the twelve month period for the filing of request for review of the award for changed condition expires twelve months after the last payment of compensation under the agreement, notwithstanding that the last payment for medical expenses may have been made at an appreciably later date.

APPEAL by defendants from *Sink, J.,* August Special Term, 1950, of GUILFORD.

This is a proceeding for compensation, under the provisions of the North Carolina Workmen's Compensation Act, for an injury by accident arising out of and in the course of the employment of the plaintiff by the defendant, C. V. Lowdermilk, on 26 March, 1948. The defendant Fidelity & Casualty Company of New York, was the insurance carrier of its codefendant at the time of the accident.

The plaintiff, William Howard Tucker, was employed as a brickmason. On the above date a scaffold on which the plaintiff was working collapsed and he fell to the ground, landing on his feet. He did not appear to be hurt, declined medical attention, and worked the following week. On 5 April, 1948, he was taken to the hospital, at which time he was suffering with pneumonia and severe pain in his back and chest. Careful medical examination failed to disclose any apparent reason for the severe pain. X-rays of the chest and back failed to reveal any fracture or other injury.

The employer reported the accident to the Industrial Commission on 22 April, 1948, and on 30 April, 1948, the plaintiff, the employer and the carrier executed an agreement for compensation for disability on the Commission's Form 21, which was received by the Commission on 2 May, 1948, and approved by it on 12 May, 1948. The parties agreed upon the following facts: (1) The date of the accident; (2) that the disability resulted from an injury by accident arising out of and in the course of the employment; (3) that disability began 5 April, 1948; (4) that plaintiff's actual average weekly wage was $55.00; (5) that the employer "shall pay to the said William H. Tucker compensation at the rate of $24.00 per week, payable now beginning from 13 April, 1948, and continuing for necessary weeks"; and (6) that the employee had theretofore returned to work on 19 April, 1948.

The plaintiff signed a final settlement receipt on the Commission's Form 27, on 28 April, 1948, covering compensation at the rate of $24.00

per week from 13 April, 1948, to 18 April, 1948, subject to review as provided by law. This Form contained a statement to the effect that the report closed the case. The report was signed by the defendant carrier on 14 May, 1948; and according to the record this receipt was received by the North Carolina Industrial Commission on 15 May, 1948.

In accordance with the above agreement and the final settlement receipt, the defendant carrier paid compensation to the plaintiff on 28 April, 1948, covering the period from 13 April, through the 18th. No other compensation payments have been made to the plaintiff. The defendant carrier also paid certain medical bills for services rendered to the plaintiff before and after the execution and approval of the agreement for compensation. All of these bills were paid with the approval of the Commission, some of them as late as December, 1948.

After the plaintiff recovered from pneumonia he returned to work and worked continuously, with the exception of four days in August, until 12 October, 1948, when he entered Wesley-Long Hospital, at which time he was suffering with severe pain in the mid-thoracic portion of the back. The pain was of such severity as to require the use of narcotics to relieve it. He lost about six weeks' time and thereafter returned to work, but re-entered the hospital for further treatment in April, 1949.

A request for a hearing before the Industrial Commission "to determine what additional compensation, if any, was due him," was made by the plaintiff on 6 September, 1949.

The hearing before the Commissioner resulted in an award in favor of the plaintiff. The defendants appealed to the full Commission. The Commission set aside the findings and award made by the hearing Commissioner and found the facts and made its conclusions of law.

The Commission found as a fact that as a result of the accident on 26 March, 1948, the plaintiff had a recurrence of disability on 12 October, 1948, and was temporarily totally disabled for a period of five weeks and six days; that he was again temporarily totally disabled as a result of said accident for a period of five weeks prior to the date of the hearing, and as a result of the aforesaid accident the plaintiff has suffered a permanent injury to his back, chest and spine, which injury had not reached its maximum improvement at the time of the hearing.

The Commission held as a matter of law the plaintiff's claim for compensation was not barred by G.S. 97-47, and awarded compensation, retaining the cause for final order until the permanent disability of the plaintiff could be ascertained and rated.

The defendants appealed to the Superior Court. The award of the Commission was affirmed, and the defendants appealed to the Supreme Court.

*Hughes & Hines for plaintiff.*
*Smith, Wharton, Sapp & Moore for defendants.*

DENNY, J.   The defendants seriously contend the evidence is insufficient to support a finding that the plaintiff is disabled, and, if so, that such disability is the result of the accident of 26 March, 1948.

It is true the plaintiff has been examined and re-examined by a number of medical experts, and they are unable to find any definite and conclusive cause for the plaintiff's condition.   But in the original agreement for compensation, these defendants agreed that plaintiff's disability resulted from an injury by accident arising out of and in the course of his employment, and his complaint then with respect to severe pain in his back and chest was similar to the condition which incapacitated him later. Moreover, one physician who examined the plaintiff on 5 April, 1948, and reported that in his opinion the plaintiff had no permanent injury, testified in the hearing below that he had changed his mind and is now of the opinion the plaintiff has some injury to his intervertebral disc. And, according to the testimony adduced in the hearing below, such an injury would not show in an X-ray.

We think the finding of the Commission in this respect must be upheld; since under our practice, if there is any competent evidence to support a finding of fact of the Industrial Commission, such finding is conclusive on appeal, even though there is evidence that would have supported a finding to the contrary.   *Creighton v. Snipes,* 227 N.C. 90, 40 S.E. 2d 612; *Rewis v. Ins. Co.,* 226 N.C. 325, 38 S.E. 2d 97; *Hegler v. Mills Co.,* 224 N.C. 669, 31 S.E. 2d 918; *Kearns v. Furniture Co.,* 222 N.C. 438, 23 S.E. 2d 310; *Buchanan v. Highway Com.,* 217 N.C. 173, 7 S.E. 2d 383; *Knight v. Body Co.,* 214 N.C. 7, 197 S.E. 563; *Swink v. Asbestos Co.,* 210 N.C. 303, 186 S.E. 258.

The more serious question presented for determination, is whether or not, under the facts and circumstances disclosed by the record, the plaintiff's claim for compensation was barred under the provisions of G.S. 97-47, at the time he requested a hearing.   This statute limits the right of review to twelve months from the date of the last payment of compensation pursuant to an award, except in cases in which only medical or other treatment bills are paid.   In such cases review is limited to twelve months from the date of the last payment of such bills for medical or other treatment, paid pursuant to the provisions of the Compensation Act.

An agreement for the payment of compensation when approved by the Commission is as binding on the parties as an order, decision or award of the Commission unappealed from, or an award of the Commission affirmed upon appeal.   G.S. 97-87.

The Commission concluded as a matter of law that the plaintiff is entitled to additional compensation, notwithstanding he made no request for a hearing, or for additional compensation, until after the expiration of more than sixteen months from the date of the last payment of compensation. The Commission construed the agreement to pay compensation beginning from 13 April, 1948, *and continuing for necessary weeks* to require the defendants to pay compensation to the claimant for his period of temporary total disability beginning 12 October, 1948, which period coupled with his previous period of disability exceeded 28 days, making the defendants also liable for the deducted waiting period from 5 April through the 12th. G.S. 97-28. Therefore, the Commission held the defendants had not made final payment for the "necessary weeks" as required by the agreement.

In support of the above interpretation of the agreement executed by the parties and approved by the Commission, the Commission relies upon its Rule #13, promulgated pursuant to the authority contained in G.S. 97-80 (a), the pertinent part of which reads as follows: "Compensation cannot be discontinued after an award has been made or an agreement between parties approved until the full award has been paid, except that in case the award is made during disability, such disability is presumed to last until the employee returns to work . . ."

We do not concur in the conclusion of law with respect to the payments required under the agreement for the payment of compensation, nor do we think the Commission's Rule #13 has any material bearing on the question before us. However, if an award is made, payable during disability, and there is a presumption that disability lasts until the employee returns to work, there is likewise a presumption that disability ended when the employee returned to work.

We construe the agreement to pay compensation beginning with 13 April *and continuing for necessary weeks,* to direct the payment of compensation to the claimant only from the 13th April until he returned to work; since the agreement at the time of its execution set forth the fact that the claimant had already returned to work.

Furthermore, G.S. 97-18 (e), requires the employer within sixteen days after final payment of compensation has been made to notify the Commission that such final payment has been made, the total amount of compensation paid, etc. The report required by this statute was signed by the claimant on 28 April, 1948, by the defendant carrier on 14 May, 1948, and according to the record, received by the Commission on 15 May, 1948. And while the Commission finds as a fact that the first knowledge it had of the existence of this report was when it was introduced before the hearing Commissioner on 12 October, 1949, the finding is not supported by the record. The following statement appears on the face of

the report: "Received 5-15-48, N. C. Industrial Commission." And the certificate of the Secretary to the Commission, in certifying the original records in the proceeding to the Superior Court of Guilford County, contains the following statement: "That on 15 May, 1948, the Commission received from the insurance carrier a final settlement receipt signed by the plaintiff on 28 April, 1948, showing compensation was paid in the amount of $20.57 and medical expense in the amount of $20.00, and that plaintiff had returned to work on 19 April, 1948, at his original wage of $55.00 per week."

We think the provisions of G.S. 97-47 are controlling on this appeal. And since the plaintiff's request for a review was not made until after the expiration of more than twelve months from the last payment of compensation, made pursuant to the agreed settlement, his claim for additional compensation by reason of his changed condition is barred. *Lee v. Rose's Stores, Inc.*, 205 N.C. 310, 171 S.E. 87; *Knight v. Ford Body Co., supra.* And the payment of medical bills by the carrier did not extend the time for review, since compensation had been agreed upon and paid. See *Whitted v. Palmer-Bee Co.*, 228 N.C. 447, 46 S.E. 2d 109.

The case of *Hanks v. Utilities Co.*, 210 N.C. 312, 186 S.E. 252, upon which the appellee is relying, dealt with an entirely different factual situation from that presented on the present appeal, and is therefore not controlling in the instant case.

The judgment entered below affirming the award of the Commission, is

Reversed.