JOE PARIS, EMPLOYEE, v. CAROLINA BUILDERS CORPORATION, EMPLOYER, AND HARTFORD ACCIDENT AND INDEMNITY COMPANY, CARRIER.

(Filed 2 May, 1956.)

1. Payment § 2—

In the absence of agreement to the contrary, delivery and acceptance of a check is only conditional payment until the check is paid, but if the check is paid on presentation, such payment ordinarily relates back to the time the check is delivered to the payee or his duly authorized agent.

2. Master and Servant § 53c—

Where request for review of an award for changed conditions is not made until more than twelve months after delivery and acceptance of check in final payment, review of the award is barred, G.S. 97-47, not-

withstanding that the check is negotiated to and actually paid by the drawee bank less than twelve months prior to the request.

**3. Same—**

Where an employee accepts payment for permanent partial disability in a lump sum, the twelve month period within which request for review of the award for change of condition must be made is to be calculated from the date of such payment and not the date on which the last payment of compensation would have been due had the employee not elected to accept a lump sum payment.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *McKeithen, Special Judge,* November Term, 1955, of WAKE.

This is an appeal from a judgment affirming an order of the North Carolina Industrial Commission (hereinafter referred to as Commission).

The facts are not in dispute and are summarized below:

1. On and prior to 20th June, 1952, the plaintiff was employed by the defendant employer at an average weekly wage of $57.50, and on that date sustained an injury to his right hand as the result of an accident arising out of and in the course of his employment. The parties were subject to and bound by the provisions of the North Carolina Workmen's Compensation Act (hereinafter referred to as Compensation Act). The defendant Hartford Accident and Indemnity Company was the compensation carrier for the defendant employer and was on the risk at the time of the injury. The defendant employer admitted liability under the Compensation Act and paid to plaintiff compensation for temporary total disability from 21st June, 1952, to 6th September, 1952, in the amount of $330.00.

2. Thereafter, plaintiff was medically rated as having sustained twenty per cent permanent partial loss of use of his right hand on account of the injury. The parties thereupon executed another agreement on Commission Form No. 26, by the terms of which the defendants agreed to pay and the plaintiff agreed to accept compensation at $30.00 per week for a period of 34 weeks commencing as of the 5th day of September, 1952, which agreement was approved by the Commission. The plaintiff thereafter applied for payment in a lump sum of the compensation awarded which the Commission calculated to be $1,014.05, and his application for the lump sum payment was approved by the Commission. Whereupon, the defendant carrier issued two drafts, one in the amount of $50.00 payable to the plaintiff's attorney and the other in the amount of $964.05 payable to the plaintiff; these drafts bore the date of 31st October, 1952. The draft

payable to the plaintiff was delivered to him on 1st November, 1952, at which time he executed the closing receipt on Commission Form No. 27.

3. The plaintiff endorsed the draft payable to him and negotiated it at the First Citizens Bank and Trust Company of Raleigh on 3rd November, 1952, receiving at that time cash or its equivalent in the sum of $964.05. By subsequent negotiation the draft reached the bank upon which it was drawn, namely, the Hartford-Connecticut Trust Company of Hartford, Connecticut, and was actually paid by the bank on 7th November, 1952.

4. The plaintiff thereafter left the State of North Carolina and went to Birmingham, Alabama. Later he wrote a letter to the Commissioner of Labor, Raleigh, North Carolina, which letter was dated 1st November, 1953, making inquiry about his case and asking when it would come up for a hearing. This letter was forwarded to the Commission by the Commissioner of Labor and was received by the Commission on 4th November, 1953, having been received by the Commissioner of Labor on 3rd November, 1953. On 18th January, 1954, the Commission received a request from the plaintiff's counsel of Birmingham, Alabama, for a reopening of plaintiff's claim to determine what additional compensation plaintiff was entitled to receive on account of a change in his condition for the worse.

From the foregoing facts the Commission held that the "last payment" of compensation within the meaning of G.S. 97-47 occurred on the 1st day of November, 1952, and that the plaintiff's application for review of his case and for additional compensation based on a change in condition came too late, the last payment of compensation within the meaning of G.S. 97-47 having been made more than one year prior to the 4th day of November, 1953. As a consequence of the foregoing findings of fact and conclusions of law, the Commission entered an order denying compensation.

Upon appeal to the Superior Court the order entered by the Commission was affirmed. The plaintiff appeals, assigning error.

*Smith, Leach, Anderson & Dorsett for plaintiff.*
*Ruark, Young & Moore for defendant.*

DENNY, J. The Commission, upon its own motion, or upon the application of any party in interest, on the grounds of a change in condition, may review any award and on such review may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum compensation allowable by the Compensation Act. Provided, however, no such review

shall be made after twelve months from the date of the last payment of compensation pursuant to an award as provided in the Act, or when no award has been made for compensation no such review shall be made after twelve months from the date of the last payment of bills for medical or other treatment pursuant to the provisions of the Compensation Act. G.S. 97-47; *Tucker v. Lowdermilk,* 233 N.C. 185, 63 S.E. 2d 109; *Whitted v. Palmer-Bee Co.,* 228 N.C. 447, 46 S.E. 2d 109; *Knight v. Body Co.,* 214 N.C. 7, 197 S.E. 563; *Lee v. Rose's Stores, Inc.,* 205 N.C. 310, 171 S.E. 87.

It follows, therefore, that the determinative question posed on this appeal is whether the request for review on the grounds of a change in plaintiff's condition was made within twelve months of the date of the last payment of compensation, pursuant to an award under the Compensation Act.

The appellant contends that the date of the last payment of compensation made to him within the meaning of G.S. 97-47 was on the 7th day of November, 1952, the date on which the draft was paid by the Hartford-Connecticut Trust Company of Hartford, Connecticut. He relies upon the well recognized rule that in the absence of an agreement to the contrary, the delivery and acceptance of a check is not payment until the check is paid, citing *Peek v. Trust Co.,* 242 N.C. 1, 86 S.E. 2d 745; *Wilson v. Finance Co.,* 239 N.C. 349, 79 S.E. 2d 908; *Lumber Co. v. Hayworth,* 205 N.C. 585, 172 S.E. 194, and similar cases. However, there is another well established rule, and that is that when a draft or check is accepted in payment of an obligation and is paid on presentation, payment ordinarily relates back to the time the draft or check was delivered to the payee or his duly authorized agent. 40 Am. Jur., Payment, section 86, page 775; 70 C.J.S., Payment, section 12, page 219, *et seq.; Hooker v. Burr,* 137 Cal. 663, 70 P 778, 99 Am. St. Rep. 17, affirmed in 194 U.S. 415, 48 L. ed. 1046, 24 S.Ct. 706; *McFadden v. Follrath,* 114 Minn. 85, 130 N.W. 542, 37 L.R.A. (NS) 201; *Tonnar v. Wade,* 153 Miss. 722, 121 So. 156; *Franciscan Hotel Co. v. Albuquerque Hotel Co.,* 37 N.M. 456, 24 P. 2d 718; *Hunter v. Wetsell,* 84 N.Y. 549, 38 Am. Rep. 544; *Texas Mut. L. Ins. Asso. v. Tolbert,* 134 Tex. 419, 136 S.W. 2d 584; *Ruppert v. Edwards,* 67 Nev. 200, 216 P. 2d 616; Anno.: 1 British Ruling Cases, 494. *Cf. Kendrick v. Ins. Co.,* 124 N.C. 315, 32 S.E. 728, 70 Am. St. Rep. 592; *Whitley v. Ins. Co.,* 71 N.C. 480.

In the case of *Marreco v. Richardson,* 1 British Ruling Cases, 485, at page 494, *Farwell, L. J.,* in considering the identical point we have under consideration, said: "Byrne, J., held that a cheque or a bill of exchange given in respect of a pre-existing debt operated as a conditional payment thereof, and on the condition being performed by ac-

tual payment, the payment related back to the time when the cheque or bill was given. That is only expressing the same principle in another form, and I should myself prefer to say that the giving of a cheque for a debt is payment conditional on the cheque being met, that is, subject to a condition subsequent, and if the cheque is met it is an actual payment *ab initio.*"

Likewise, in *Ruppert v. Edwards, supra,* in considering the same question we have before us, the Court said: "So, in such a transaction as that involved in the instant case, payment is *payment when completed delivery is had,* and to that extent is evidence of the existing obligation, but it is conditional merely, according to the great weight of authority, and continues such until the check is paid on the presentation; thereupon, the condition having been satisfied by the check having been paid, the same becomes absolute. The payment conditionally contemplated is not what is construed properly as a condition precedent, but rather a condition subsequent. The condition having been subsequently satisfied by the check having been paid, the debt is deemed to have been discharged *from the time the check was given.*'"

The appellant further contends that he should have been allowed twelve months in which to request a review from the last date on which the compensation would have been due had he not elected to accept payment of the award in a lump sum. This contention is not supported by the statutes which authorizes review for a change in a claimant's condition. G.S. 97-47. *Cf. Tucker v. Lowdermilk, supra.*

Treating the letter addressed to the Commissioner of Labor on 1st November, 1953, and later received by the Commission on 4th November, 1953, as a request for review, we hold that it was received more than twelve months after the date of the last payment of compensation, to-wit, the 1st day of November, 1952. However, it will be noted that no formal request for a review of the award theretofore entered in favor of the plaintiff, was filed with the Commission until the 18th day of January, 1954.

The judgment of the court below is

Affirmed.

JOHNSON, J., took no part in the consideration or decision of this case.