ENGLISH MICA COMPANY; WESTERN ASSURANCE COMPANY v. AVERY COUNTY BOARD OF EDUCATION.

(Filed 16 October, 1957.)

**1. State § 3e—**

The findings of fact of the Industrial Commission in a proceeding under the Tort Claims Act are conclusive on appeal if supported by any competent evidence, even though there is evidence that would support a finding to the contrary.

**2. State § 3b—**

In this proceeding under the Tort Claims Act the evidence *is held* sufficient to support a finding that the accident in question resulted from the

negligence of the driver of a school bus in hitting a vehicle traveling in the opposite direction while a portion of the school bus was on its left of the center line of the highway, and the Industrial Commission's findings of negligence and proximate cause are conclusive. G.S. 143-300.1.

APPEAL by plaintiffs from *Nettles, J.,* April Term 1957 of AVERY.

This proceeding involves a claim arising under the Tort Claims Act, G.S. 143-291, *et seq.,* which was duly filed with the North Carolina Industrial Commission.

The matter was heard before a Deputy Hearing Commissioner (hereinafter called Deputy Commissioner) of the Commission. The evidence is to the effect that on 7 September 1955 at approximately 2:45 p.m., a tractor-trailer owned by the plaintiff English Mica Company was being driven in a northerly direction on Highway No. 19-E in Plumtree, North Carolina, toward a bridge; that the tractor-trailer was being driven by Homer Pitman, an employee of the plaintiff English Mica Company. The trailer was loaded with mica and it was being driven upon the right side of the highway at a speed of 33 to 35 miles per hour, the speed limit at such place being 35 miles per hour. The paved highway was approximately 18 feet wide and had a center line dividing the lanes of traffic. The bridge was more than 18 feet wide.

When the plaintiffs' driver got to the bridge, he saw a school bus coming. It was approximately 30 or 40 feet from the bridge. The bridge was approximately 50 feet long. There is a curve to the left of the bridge, the school bus driver was making this curve, which was to his right, at a speed of approximately 25 miles per hour. The school bus was empty except for the driver. When the school bus driver saw the tractor-trailer, he applied his brakes in such a manner as to lock the back wheels of the bus and it skidded and bounced diagonally across the road in front of the tractor-trailer. The driver of the tractor-trailer, according to his testimony, thought the school bus was loaded with children and he pulled over a little too far to the right of the road and "about that time the back end of the bus hit my front wheel and knocked the steering wheel out of my hand and I couldn't pull it back. The tractor and trailer turned over on the side. . . . The end of the bus that hit the tractor-trailer was over on my side of the road. The portion of the bus that hit me was at least 4 feet in my line (*sic*) of traffic."

According to other evidence, the school bus was driven by Isaac Goldman Hughes, an employee of the defendant, who was at the time acting within the scope of his employment and who admitted immediately after the accident that it was his fault. The school bus was between 7 feet 8 inches and 8 feet in width; the tractor-trailer was approximately 8 feet in width. The two vehicles could have passed on the bridge if "both had been on the proper side of the road."

There is no controversy as to the amount of plaintiffs' damages.

The Deputy Commissioner found the facts and concluded as a matter of law: (1) That there was negligence on the part of the above-named employee of the defendant while acting within the scope of his employment and that such negligence was the proximate cause of the damages sustained by the plaintiffs. (2) There was no contributory negligence on the part of the plaintiffs or upon the part of the driver of the plaintiffs' motor vehicle. (3) That as a result of the negligence of the employee of defendant, the plaintiffs were damaged in the total sum of $2,000.73.

An award in favor of the plaintiffs was entered accordingly and from the decision and award the defendant, in apt time, appealed to the Full Commission. The hearing was held and the Full Commission adopted as its own the findings of fact and conclusions of law and order of the Deputy Commissioner and affirmed the result reached by him.

The defendant appealed to the Superior Court, filing exceptions and assignments of error to the findings of fact and conclusions of law adopted by the Full Commission. In the Superior Court each exception of the defendant to the findings of fact and conclusions of law adopted by the Full Commission was sustained, "the court being of the opinion that there is not sufficient evidence in the record to establish negligence or damages by the defendant."

Judgment was entered sustaining the exceptions and remanding the cause to the Industrial Commission for further proceedings in accord therewith.

· Plaintiffs appeal, assigning error.

*Warren H. Pritchard for appellants.*
*Charles Hughes for appellee.*

DENNY, J. It is provided, among other things, in G.S. 143-300.1, 1955 Cumulative Supplement, as follows: "The North Carolina Industrial Commission shall have jurisdiction to hear and determine tort claims against any county board of education or any city board of education, which claims arise as a result of any alleged negligent act or omission of the driver of a public school bus who is an employee of the county or city administrative unit of which such board is the governing board, and which driver was at the time of such alleged negligent act or omission operating a public school bus in the course of his employment by such administrative unit or such board."

If there is any competent evidence to support findings of fact by the Industrial Commission, such findings are conclusive, and on appeal are not subject to review by the Superior Court or this Court. *Moore v. Superior Stone Co.*, 242 N.C. 647, 89 S.E. 2d 253; *McCraw v. Calvine*

*Mills, Inc.,* 233 N.C. 524, 64 S.E. 2d 658; *Gabriel v. Town of Newton,* 227 N.C. 314, 42 S.E. 2d 96; *Creighton v. Snipes,* 227 N.C. 90, 40 S.E. 2d 612; *Fox v. Cramerton Mills,* 225 N.C. 580, 35 S.E. 2d 869; *Hegler v. Mills Co.,* 224 N.C. 669, 31 S.E. 2d 918; *Kearns v. Furniture Co.,* 222 N.C. 438, 23 S.E. 2d 310; *Knight v. Body Co.,* 214 N.C. 7, 197 S.E. 563; *Swink v. Asbestos Co.,* 210 N.C. 303, 186 S.E. 258.

This is true even though there is evidence that would support a finding to the contrary. *Blalock v. City of Durham,* 244 N.C. 208, 92 S.E. 2d 758; *Hawes v. Mutual Ben. Health & Acci. Assn.,* 243 N.C. 62, 89 S.E. 2d 739; *Watson v. Harris Clay Co.,* 242 N.C. 763, 89 S.E. 2d 465; *Tucker v. Lowdermilk,* 233 N.C. 185, 63 S.E. 2d 109; *Vause v. Vause Farm Equipment Co.,* 233 N.C. 88, 63 S.E. 2d 173; *Rewis v. N. Y. Life Ins. Co.,* 226 N.C. 325, 38 S.E. 2d 97.

The foregoing decisions are equally applicable to findings of fact by the Industrial Commission in a proceeding under the Tort Claims Act. The Act provides for appeals from the Commission to the Superior Court of the county in which the claim arose. However, "such appeal shall be for errors of law only under the same terms and conditions as govern appeals in ordinary civil actions, and the findings of fact of the Commission shall be conclusive if there is any competent evidence to support them . . ." G.S. 143-293.

The facts found by the Industrial Commission, which are essential to a recovery by the plaintiffs under the Tort Claims Act, are supported by competent evidence. *Moore v. Superior Stone Co., supra.* Hence, the judgment entered in the court below must be

Reversed.