CULLEN BUNN BAILEY, JR. v. NORTH CAROLINA DEPARTMENT OF MENTAL HEALTH.

(Filed 2 February, 1968.)

**1. Master and Servant § 93—**

Except for jurisdictional findings, the findings of fact of the Industrial Commission are conclusive on appeal when supported by competent evidence, even though there be evidence which would support findings to the contrary, but findings of fact resulting from a misapprehension of the law are not conclusive.

**2. Same—**

When findings of the Industrial Commission are not supported by evidence or when findings are insufficient to enable the court to determine the rights of the parties, the cause must be remanded to the Commission for proper findings.

**3. Same—**

Ordinarily, the Superior Court is without authority to remand a cause to the Industrial Commission for the taking of additional evidence except upon a proper showing by affidavit that newly discovered evidence will be introduced.

APPEAL by defendant from Riddle, S.J., May 1967 Civil Session of WAKE.

Action under the State Tort Claims Act to recover damages for injury alleged to have been caused by negligence on the part of defendant in administering shock treatment and other medical treatment to claimant.

Evidence presented by claimant at the hearing held before J. W. Bean, Chairman of the North Carolina Industrial Commission, sitting as a hearing commissioner, on 4 May 1966, is summarized as follows:

Claimant, Cullen Bunn Bailey, Jr., testified that as a result of taking drugs, he was a patient at Dorothea Dix Hospital, Raleigh, N. C., from October 1962 until May 1964. Beginning in March 1963, he underwent a series of electric shock treatments which terminated in June 1963. Thereafter, on 3 December 1963, the electric shock treatment involved in this action was administered to claimant by Dr. Frierson. Among the attendants present on that date were a Mr. Smith and a Mr. Stewart. Before receiving prior treatments, claimant had received medication, but received no medication prior to the 3 December 1963 treatment except for a saliva injection. He had to be restrained on the table when the treatment was administered. After the treatment on 3 December 1963, claimant recalled regaining consciousness in the "seclusion room" in the presence of Dr. Frierson, who inquired of Bailey as to where he was experiencing pain. From there, he was taken to another part of the hospital to be x-rayed. On the next day Dr. Hartzog performed an operation on claimant's hip. Dr. Hartzog required that his leg be exercised beginning the day after the operation, although it was ordered that no weight be placed on it. Claimant was furnished with a wheel chair. In May 1964, he was transferred to John Umstead Hospital at Butner, N. C. There he was not furnished with a wheel chair but was offered a walker, which he declined to use. He was discharged from the hospital in July 1964. Claimant stated he had no fracture or injury to his body prior to the treatment on 3 December 1963. Further, that his ability to engage in his occupation as door-to-door salesman had been greatly impaired by the condition of his hip.

Other evidence was offered, including medical testimony of Dr. Thomas E. Castelloe and Dr. Robert Williams. This testimony revealed claimant suffered a fractured hip. We do not further summarize this testimony since it is not pertinent to this decision.

At the conclusion of plaintiff's evidence, defendant moved that the claim be dismissed for the reason that plaintiff failed to show a negligent State employee or a negligent act by an employee of the State.

On 11 May 1966, the hearing commissioner entered an order denying plaintiff's claim for damages.

Upon review by the Full Commission, the findings of fact, conclusions of law, and decision of the hearing commissioner were affirmed.

From the order of the Full Commission dated 25 July 1966, claimant appealed to Wake County Superior Court. The cause came on to be heard before Judge H. L. Riddle, Jr., and judgment thereon was filed 11 May 1967, pertinent portions of which are set out below.

". . . This Court finds as a fact that Chairman Bean and the Full Commission committed error, as a matter of law, in failing to find Dr. William Frierson to be the person who administered the shock treatment to the plaintiff and in finding and concluding that no State employee was present or had any knowledge of the injury sustained by the plaintiff. It follows that the Chairman and the Full Commission erred, as a matter of law, in concluding that, since there was no showing in the record that a State employee was present or had any knowledge of the injury sustained by the plaintiff, that it was not necessary to go into the question of negligence or contributory negligence.

"And it further appearing to the Court, and the Court so finding as a fact, that based upon the testimony of the plaintiff and medical witnesses, the State having chosen not to offer testimony, and upon the very fact of the injury itself, the evidence taken as a whole was sufficient to raise an inference of negligence sufficient to suport the plaintiff's case for consideration by the Hearing Officer concerning the question of negligence and contributory negligence; and that the Chairman and the Full Commission erred, as a matter of law, in concluding that it was not necessary to go into the question of negligence or contributory negligence, and further erred in failing to make findings of facts and conclusions of law upon the question of negligence or contributory negligence.

"3. And it further appears to the Court, and the Court so finds as a fact, that the record, as a whole, does not contain competent evidence sufficient to support the certain findings and conclusions set forth above and complained of by the plaintiff; nor, as a matter of law, are the facts found by the Chairman and adopted by the Full Commission sufficient to support the conclusions reached."

In accordance with the findings of the court, Judge Riddle entered an order setting aside and vacating the decision and order by Chair-

man Bean, filed on 11 May 1966, and the decision and order by the Full Commission filed 25 July 1966, and remanded the cause to the North Carolina Industrial Commission

> "for such rehearing as may be necessary to conform the findings of fact and conclusions of law previously determined with the evidence presently of record, and to make such additional findings of fact and conclusions of law as may be deemed necessary by any additional evidence heard upon rehearing."

Defendant appealed.

*Douglas F. DeBank for plaintiff.*
*Attorney General Bruton and Staff Attorney L. Philip Covington for defendant.*

BRANCH, J.  G.S. 143-291 provides for payment of damages for personal injuries sustained by any person "as a result of a negligent act of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, . . . under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina. If the Commission finds that there was such negligence on the part of an officer, employee, . . . which was the proximate cause of the injury and that there was no contributory negligence on the part of claimant . . . the Commission shall determine the amount of damages which the claimant is entitled to be paid . . . but in no event shall the amount of damages awarded exceed the sum of ten thousand dollars ($10,000.00)." (The 1965 legislature increased the amount of possible recovery to $12,000.00, effective July 1, 1965, and the 1967 legislature increased the amount to $15,000.00, effective July 1, 1967.)

G.S. 143-293, which governs appeals from the Industrial Commission to Superior Court and the Supreme Court, in part provides:

> ". . . Such appeal shall be for errors of law only under the same terms and conditions as govern appeals in ordinary civil actions, and the findings of fact of the Commission shall be conclusive if there is any competent evidence to suport them. . . . Either party may appeal from the decision of the superior court to the Supreme Court as in ordinary civil actions."

The Industrial Commission's findings of fact are conclusive on appeal when supported by competent evidence, except for jurisdictional findings. This is true, even though there is evidence which

would support findings to the contrary. *Mica Co. v. Board of Education,* 246 N.C. 714, 100 S.E. 2d 72; *Teer Co. v. Highway Commission,* 265 N.C. 1, 143 S.E. 2d 247. However, where facts are found or where the Commission fails to find facts under a misapprehension of law, the court will, where the ends of justice require, remand the cause so that the evidence may be considered in its true legal light. *Stanley v. Hyman-Michaels Co.,* 222 N.C. 257, 22 S.E. 2d 570.

The scope of the reviewing court's inquiry in cases appealed from the Industrial Commission is succinctly stated by Ervin, J., in the case of *Henry v. Leather Co.,* 231 N.C. 477, 57 S.E. 2d 760, as follows:

> "In passing upon an appeal from an award of the Industrial Commission, the reviewing court is limited in its inquiry to two questions of law, namely: (1) Whether or nor there was any competent evidence before the Commission to support its findings of fact; and (2) whether or not the findings of fact of the Commission justify its legal conclusions and decision. 58 Am. Jur., Workmen's Compensation, section 530."

The crucial findings of fact and conclusions of law by the hearing commissioner and adopted by the Full Commission are:

> Finding of Fact: "8. That there is nothing in the testimony at the hearing to indicate the name of the State employee or employees that know anything about what caused the plaintiff's injury."
>
> Conclusion of Law: "Since there is no showing in the record that a State employee was present or had any knowledge of the injury sustained by the plaintiff, it is not necessary to go into the question of negligence or contributory negligence."

The uncontradicted testimony indicates that while claimant was a patient at Dorothea Dix Hospital on 3 December 1963, he was given a shock treatment resulting in injury. In this connection the record reveals testimony by claimant as follows:

> "Q. When was the next time after that that you again received an electric shock treatment?
>
> A. The evening of December 3, 1963. They gave me one in the evening instead of the regular time in the morning.
>
> Q. Who administered that shock treatment?
>
> A. Dr. Frierson, I understand his name is."
>
> "I recall the name of some of the attendants at the time I received the shock treatment — Mr. Smith and Mr. Stewart."

A careful examination of the record compels the conclusion that this finding of fact made by the hearing commissioner, which was adopted and affirmed by the Full Commission, was not supported by the evidence, and the conclusion of law and decision based on the finding was not justified. Upon reaching this conclusion it logically follows that the cause should be remanded for appropriate findings as to whether there was a negligent act of any named officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency, or authority which was the proximate cause of claimant's injury, and whether claimant was guilty of contributory negligence.

> "Specific findings of fact by the Industrial Commission are required. These must cover the crucial questions of fact upon which plaintiff's right to compensation depends. (Citations). Otherwise, this Court cannot determine whether an adequate basis exists, either in fact or in law, for the ultimate finding. . . ." *Guest v. Iron & Metal Co.*, 241 N.C. 448, 85 S.E. 2d 596.

When the findings are insufficient to enable the court to determine the rights of the parties, the case must be remanded to the Commission for proper findings. *Pardue v. Tire Co.*, 260 N.C. 413, 132 S.E. 2d 747.

Here the findings of fact are insufficient for a proper determination of the questions raised, and the judge of superior court correctly remanded the cause to the Industrial Commission. However, we note that this order provides:

> ". . . that this cause is herewith remanded to the North Carolina Industrial Commission for such rehearing as may be necessary to conform the findings of fact and conclusions of law previously determined with the evidence presently of record, and to make such additional findings of fact and conclusions of law as may be deemed necessary by any additional evidence heard upon rehearing."

Ordinarily, the limited authority of the reviewing court does not permit the trial judge to order remand of the cause for the taking of additional evidence. However, the judge of superior court may remand a cause to the Industrial Commission on ground of newly discovered evidence *in a proper case*, and such *proper case* is made out only when it appears by affidavits:

> "(1) That the witness will give the newly discovered evidence; (2) that it is probably true; (3) that it is competent, material, and relevant; (4) that due diligence has been used

BAILEY v. DEPT. OF MENTAL HEALTH.

and the means employed, or that there has been no laches, in procuring the testimony at the trial; (5) that it is not merely cumulative; (6) that it does not tend only to contradict a former witness or to impeach or discredit him; (7) that it is of such a nature as to show that on another trial a different result will probably be reached and that the right will prevail." *McCulloh v. Catawba College*, 266 N.C. 513, 146 S.E. 2d 467; *Johnson v. R. R.*, 163 N.C. 431, 453, 79 S.E. 690, 699.

This discretionary power can be invoked only upon the showing of the above requirements, and without such showing the court is without jurisdiction to remand for rehearing on ground of newly discovered evidence. *McCulloh v. Catawba College, supra.* Further, the Industrial Commission, *in a proper case,* may grant a rehearing and hear additional evidence. This is true even though this Court recognizes that a party to a compensation case is not entitled to try his case "piecemeal." (For a full discussion of the power of the Industrial Commission relative to rehearings, see *Hall v. Chevrolet Co.*, 263 N.C. 569, 139 S.E. 2d 857). In the instant case the Court, *ex mero motu*, without motion or affidavit showing any of the listed requirements, remanded the case and erroneously ordered a rehearing "to make such additional findings of fact and conclusions of law as may be deemed necessary *by any additional evidence heard upon rehearing.*" (Emphasis ours.)

The judge of superior court also exceeded his authority when he concluded: "That the Chairman and the Full Commission erred, as a matter of law, in failing to find that Dr. William Frierson was present and administered the shock treatment to the plaintiff on December 3, 1963; . . ."

Again, the judge did not confine himself to considering whether there was evidence to support a finding or whether the finding justified a legal conclusion. Rather, he entered an ultimate finding and, in effect, ordered the Commission to so find. This is error. *Henry v. Leather Co., supra.*

The judgment is vacated and the cause is remanded to the Superior Court of Wake County with direction that it be remanded to the North Carolina Industrial Commission for further consideration, to the end that the Commission may proceed with findings of fact and a determination of the rights of the parties in accord with the principles herein enunciated.

Error and remanded.