The term "disability," as that term is used in the Workers' Compensation Act, is incapacity because of injury to earn, in the same or any other employment, the wages which the employee was receiving at the time of his injury. (See N.C.G.S. § 97-2(9). When, as in this case, an award is made by the Industrial Commission there is a presumption in favor of the employee that disability lasts until the employee returns to work and likewise a presumption that disability ends when the employee returns to work at wages equal to those he was receiving at the time his injury occurred. (See Watkins v. Motor Lines, 279 N.C. 132 (1971) andTucker v. Lowdermilk, 233 N.C. 185 (1951). In this case, the plaintiff has not returned to work nor has he been offered employment by his former employer, so the plaintiff has made an initial showing of disability and is entitled to the presumption of continuing disability. (Also see Watson v. Winston-SalemTransit Authority, 92 N.C. App. 473 (1988).
As the Court said in Watson v. Winston-Salem TransitAuthority, 92 N.C. App. 473 (1988), "a finding of maximum medical improvement is not, however, the equivalent of a finding that the employee is able to earn the same wage earned prior to injury, and accordingly does not, by itself, dispose of plaintiff's claim. The maximum medical improvement finding is solely the prerequisite to determination of the amount of any permanent disability for purposes of N.C.G.S. § 97-31." In addition, the plaintiff need not prove that he unsuccessfully sought employment if he proves he is unable to obtain employment. (See Peoples v. Cone Mills Corp.,316 N.C. 426 (1986). The record in this case is devoid of any evidence from which it could be determined that any other employer would have hired the plaintiff at the time he reached maximum medical improvement and pursuant to the holding in Watson, Mr. Brown is entitled to continuing total disability benefits.
Finally, the plaintiff himself testified as to the various dangers he faces in his former employment as a result of his condition and he testified as to the difficulty he has in driving, walking, reading, climbing, lifting, etc. as a result of his eye injury. Mr. Brown testified about the frequent and severe headaches he experiences, in particular when he attempts to wear an eye patch or occlude the injured eye. Mr. Brown also testified about the psychological problems he has experienced due to his injury and the fears he now has about engaging in certain activities he was able to perform prior to the injury. Our Courts have expressly approved of testimony by the plaintiff himself on the issue of wage earning capacity. (See Niple, supra andSingleton v. D. T. Vance Mica Co., 235 N.C. 315, 325 (1952). Out Courts have also held that an employee may refuse employment if the proffered job creates a danger to the employee's physical safety. (See Bowden v. The Boling Company, 110 N.C. App. 226
(1993).
Our Courts have held that "Before it can be determined that the plaintiff is employable and can earn wages it must be established, not merely that jobs are available or that the average job seeker can get one, but that the plaintiff can obtain a job taking into account his specific limitations." The defendants in this case have offered no evidence whatsoever that anyone would hire this plaintiff with his specific limitations. (See Kennedy v. Duke Univ. Med. Center, 101 N.C. App. 24 (1990), and Bridges v. Linn-Corriher Corp., 90 N.C. App. 397 (1988), and see Watson v. Winston-Salem Transit Authority, 92 N.C. App. 473
(1988).
Therefore, in my view plaintiff is entitled to the presumption of continuing disability and the defendants have failed to rebut such presumption. For the reasons stated above, I must respectfully DISSENT from the majority.
 S/ __________________ COY M. VANCE COMMISSIONER
CMV/cnp/mj 6/28/95