WILLIAM LEE ORMOND, PETITIONER v. JOE W. GARRETT, NORTH CAR-
OLINA COMMISSIONER OF MOTOR VEHICLES, RESPONDENT

No. 7010SC212

(Filed 15 July 1970)

**Automobiles § 2— suspension of license — epilepsy — sufficiency of
findings by medical board**

A finding by the Medical Review Board of the Motor Vehicles Depart-
ment that the petitioner has been suffering from epilepsy since 1951 does
not warrant suspension of the petitioner's license for a twelve-month
period, where the Board also made a finding that the petitioner's condi-
tion was controlled by dilatin and phenobarbital, and where there were
no findings that the petitioner was suffering from such physical or mental
disability that would prevent him from exercising reasonable and ordinary
control over a motor vehicle. G.S. 20-9(e).

BROCK, J., dissents.

APPEAL by respondent from *Bailey, J.,* 13 January 1970 Session
of WAKE Superior Court.

This is a civil action instituted under the provisions of Article
33 of Chapter 143 of the General Statutes of North Carolina to re-
view an order of the North Carolina Drivers License Medical Re-
view Board under G.S. 20-9(g)(4) denying petitioner's application
for a driver's license.

The petitioner in this case has a long history of epilepsy dating
back to 1951. In 1964, while operating a motor vehicle, he was in-
volved in a single vehicle accident in Pitt County, North Carolina,
which apparently was caused by a "blackout" attributed to an epi-
leptic seizure. The petitioner was granted full driving privileges in
1966 and since that time he has driven approximately 75,000 miles
per year without an accident. On 8 August 1969, at the request of
the Department of Motor Vehicles, the petitioner underwent an ex-
tensive examination by Dr. James J. Smith. During this examina-
tion the petitioner voluntarily revealed that while in Tennessee on
vacation in June 1969 he had a mild blackout in his motel early
one morning while dressing. The petitioner told Dr. Smith that this
attack occurred without any warning. Dr. Smith, in his report to
the Department of Motor Vehicles, stated that he had prescribed
an increase in the medication being taken by the petitioner and that
in his opinion the petitioner was capable of driving a motor vehicle.
Upon receipt of a copy of the results of this examination a panel of
medical consultants reviewed his case and recommended on 5 Sep-
tember 1969 that his driving privileges be disapproved and reviewed
again on or after June, 1970. On 17 September 1969 the Department

of Motor Vehicles suspended his driving privileges and notified him of their decision by letter. The petitioner requested a hearing before the Driver License Medical Review Board and a hearing was set for 8 October 1969. At the hearing evidence was presented to establish the competency of the petitioner to operate a motor vehicle. After hearing the evidence the Medical Review Board rendered its decision which included the following findings of fact and conclusions of law:

### "FINDINGS OF FACT

"1. That petitioner is a 37-year-old white male who lives at Greenville, North Carolina.

"2. That petitioner's driving privilege was suspended after evaluation of a medical report dated August 20, 1969, signed by Dr. James J. Smith, and Veterans Administration Hospital records from Durham.

"3. That petitioner has suffered from epilepsy since 1951.

"4. That petitioner has been involved in eight motor vehicle accidents.

"5. That petitioner was involved in a motor vehicle accident on September 2, 1964, and the officer's report reveals that petitioner stated, 'He blacked out and left the street and ran into the front loading ramp of the FCX store'.

"6. That petitioner's medical report reveals that he experienced his sixth seizure in September 1968.

"7. That petitioner experienced his last seizure in June 1969.

"8. That petitioner had no warning period prior to the last two seizures.

"9. That petitioner's condition is controlled by dilantin and phenobarbital.

### "CONCLUSIONS

"It is the collective opinion of this Board that Mr. William Lee Ormond suffers from epilepsy and that his driving privilege should not be restored until he furnishes medical proof, satisfactory to the Department of Motor Vehicles, that he has been free of seizures for a period of twelve months dating from July 1, 1969, and then only after passing a complete license examination to be given by the Department of Motor Vehicles. Further that after restoration of his driving privilege, he should submit to medical and license examinations at twelve-month

intervals thereafter for such period of time as the Department of Motor Vehicles should deem necessary in the interest of highway safety. Further that the results of such medical and license examinations should be furnished to the Department of Motor Vehicles as supporting evidence of his continued competency to operate a motor vehicle."

The Board then proceeded to enter its decision and order implementing the conclusions.

The petitioner was notified of the decision of the Medical Review Board on 21 October 1969 and on 18 November 1969 petition was filed in Wake County Superior Court to review the decision of the Medical Review Board.

The matter came on for hearing in the Superior Court of Wake County, and on 13 January 1970, following a hearing, Judge Bailey entered judgment in pertinent part as follows:

"(1) That the Decision and Order of the North Carolina Driver License Medical Review Board, dated October 21, 1969, is not supported by the record, including hearings conducted in that there is a finding and evidence to support such finding that petitioner's physical or medical condition is controlled by dilantin and phenobarbitol [sic] and, that the petitioner has driven several hundred thousand miles for the past several years and has not been charged with a motor vehicle violation since 1961.

"(2) That there is no finding nor is there any evidence to support such finding that petitioner is afflicted with or suffering from any uncontrolled medical, physical or mental disability which would prevent him from exercising reasonable and ordinary control over a motor vehicle while operating same on the highways of North Carolina.

"(3) That the Decision and Order of the North Carolina Driver License Medical Review Board as well as the decision of the respondent in the above matter are unsupported by competent, material and substantial evidence in view of the entire record as submitted and are arbitrary and capricious.

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Decision and Order of the Respondent, be and the same is hereby reversed."

From the entry of this judgment the respondent appealed to the Court of Appeals assigning error.

*Everett and Cheatham, by James T. Cheatham, for petitioner appellee.*

*Robert Morgan, Attorney General, and T. Buie Costen, Staff Attorney, for the State.*

Hedrick, J.

The appellant, Joe W. Garrett, North Carolina Commissioner of Motor Vehicles, assigns as error the decision of Judge Bailey reversing the order of the North Carolina Driver License Medical Review Board denying the petition of William Lee Ormond for a North Carolina motor vehicle operator's license. The appellee contends that the findings, inferences, conclusions and decision of the Medical Review Board of the North Carolina Department of Motor Vehicles denying him an operator's license were not supported by competent, material and substantial evidence in view of the entire record as submitted.

An appeal to the Superior Court of Wake County is provided from the denial of a driver's license under G.S. 143-306, *et seq.* G.S. 20-9(g)(4)(f). Under the provisions of G.S. 143-315, the Superior Court of Wake County is given the power to reverse decisions of administrative agencies if the petitioner's substantial rights have been prejudiced because the administrative findings, inferences, conclusions, or decisions are unsupported by competent, material, and substantial evidence in view of the entire record as submitted. *Waggoner v. Board of Alcoholic Control,* 7 N.C. App. 692, 173 S.E. 2d 548 (1970).

Prior to 1967, G.S. 20-9(d) prohibited the licensing of anyone who had been diagnosed as having grand mal epilepsy. In 1967 this section was amended to delete the words "grand mal epilepsy".

The Department of Motor Vehicles, in finding that the petitioner was incompetent to operate a motor vehicle, and in suspending his driver's license on 17 September 1969, apparently proceeded under G.S. 20-9(e) which provides:

"The Department shall not issue an operator's or chauffeur's license to any person when in the opinion of the Department such person is afflicted with or suffering from such physical or mental disability or disease as will serve to prevent such person from exercising reasonable and ordinary control over a motor vehicle while operating the same upon the highways, . . . ."

The Medical Review Board in the present case found as a fact

that the petitioner has been suffering from epilepsy since 1951. All of the evidence received by the Medical Review Board was to the effect that the petitioner's epilepsy was controlled and that he was capable of operating a motor vehicle. The Board, in finding of fact number 9, found that the petitioner's condition was controlled by taking prescribed medication in the form of dilantin and pheno-barbital. However, after finding that his condition was controlled medically, the Board proceeded to deny him driving privileges. The decision and order of the Medical Review Board does not contain any finding that the petitioner is afflicted with or suffering from "such physical or mental disability or disease as will serve to prevent such person from exercising reasonable and ordinary control over a motor vehicle while operating the same upon the highways, . . . ." In the absence of such a finding, it is our opinion that the Board was without authority to deny the petitioner his driving privileges.

The judgment appealed from is affirmed.

Affirmed.

BRITT, J., concurs.

BROCK, J., dissents.