RONNIE GENE CHESNUTT, PETITIONER v. ELBERT L. PETERS, JR., COMMISSIONER OF NORTH CAROLINA DIVISION OF MOTOR VEHICLES, RESPONDENT

No. 7910SC290

(Filed 8 January 1980)

Automobiles § 2.2— driver's license—epileptic—blackout while driving—insufficient evidence of uncontrolled seizures

The evidence in the record as a whole did not support a determination by the Medical Review Board cancelling the driving privilege of petitioner, who takes medication to prevent seizures and suffered a blackout while driving, on the ground that he has an uncontrolled seizure disorder which prevents him from exercising reasonable and ordinary control over a motor vehicle while operating it on the highway. Furthermore, the appellate court refused to adopt a standard that one must be free of seizures for a year before the illness may be considered adequately controlled. G.S. 20-9.

Judge WEBB dissenting.

APPEAL by respondent from *Braswell, Judge.* Judgment entered 10 January 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 15 November 1979.

Ronnie Gene Chesnutt is a single, twenty-five-year-old male who has suffered seizures since age seventeen. In 1976 he went to Duke University Medical Center for examination and prescription of medication. Prior to that time, he had been taking Dilantin and

phenobarbital; the Duke physicians also prescribed Mysoline and he has taken the recommended medications since the examination. Ronnie has been licensed to drive for eight years and was never involved in an accident until 7 May 1978 when he blacked out while driving on U.S. 421 and ran off the road. No one was injured or any property damaged.

The state highway patrolman who investigated the accident recommended that Ronnie be given a reexamination to determine whether he should continue to be licensed to drive. He was examined by Dr. Neil A. Worden. On 25 August 1978 the petitioner's driving privilege was cancelled by respondent. Petitioner requested review by a reviewing board. The Medical Review Board conducted a hearing on 26 September 1978 and thereafter entered order finding petitioner was examined by Dr. Worden and setting out his findings, making the conclusion that Ronnie was afflicted by an uncontrolled seizure disorder that prevents him from exercising reasonable and ordinary control over a motor vehicle while operating it upon the highways and sustaining the order of respondent withdrawing petitioner's driving privilege. The Board further ordered that petitioner not be licensed "until it has been demonstrated that his seizures are likely to remain controlled, by his having remained totally free of seizures" and blackouts for a period of at least twelve months.

Petitioner appealed to the superior court, and Judge Braswell, upon review of the whole record before him, found the evidence did not support the conclusion of the Medical Review Board that petitioner's condition was not controlled and reversed the Board's decision, restoring petitioner's driving privilege to him. From this judgment, respondent appeals.

*A. Maxwell Ruppe for petitioner appellee.*

*Attorney General Edmisten by Deputy Attorney General William W. Melvin, Assistant Attorney General Mary I. Murrill and Assistant Attorney General William B. Ray, for the respondent appellant.*

MARTIN (Harry C.), Judge.

The pertinent portions of the statute governing this proceeding are:

(e) The Division shall not issue an operator's or chauffeur's license to any person when in the opinion of the Division such person is afflicted with or suffering from such physical or mental disability or disease as will serve to prevent such person from exercising reasonable and ordinary control over a motor vehicle while operating the same upon the highways, . . ..

. . . .

(g)(4) Whenever a license is denied by the Commissioner, such denial may be reviewed by a reviewing board upon written request of the applicant filed with the Division within 10 days after receipt of such denial. . . .

. . . .

f. Actions of the reviewing board are subject to judicial review as provided under Chapter 150[A] of the General Statutes.

N.C. Gen. Stat. 20-9(e), (g)(4), (g)(4)f.

The Medical Review Board based its decision upon a report and letter of Dr. Neil A. Worden, setting out Dr. Worden's findings in two places in its order. He found that petitioner "apparently has grand mal seizures—have been fairly controlled except when patient does not take prescriptions." There is no evidence in the record that petitioner has failed to take his medicines as prescribed. Dr. Worden further found petitioner's latest electroencephalogram was normal. In his letter, Dr. Worden stated that following petitioner's examination at Duke University Hospital in 1976, "he has been very well controlled." Petitioner apparently had a seizure in May of 1978 that precipitated this litigation but has had no such episodes since then. Dr. Worden recommended that petitioner "should drive at slow speeds."

The Board's decision is based upon its conclusion that petitioner has an *uncontrolled* seizure disorder that prevents him from exercising reasonable and ordinary control over a motor vehicle while operating it upon the highways. The record on appeal, including the letter and report of Dr. Worden, contains no evidence that petitioner suffered from an "uncontrolled seizure

disorder." Dr. Worden's evidence, the only medical evidence before the Board, is to the contrary.

It is true that the record shows petitioner has suffered seizures from time to time. But this is a far cry from being sufficient to support the statutory requirements when the whole record test is applied. The application of the whole record test is discussed by Justice Copeland in *Thompson v. Board of Education*, 292 N.C. 406, 410, 233 S.E. 2d 538, 541 (1977):

> This standard of judicial review is known as the "whole record" test and must be distinguished from both *de novo* review and the "any competent evidence" standard of review. [Citations omitted.] The "whole record" test does not allow the reviewing court to replace the Board's judgment as between two reasonably conflicting views, even though the court could justifiably have reached a different result had the matter been before it *de novo*, . . .. [Citation omitted.] On the other hand, the "whole record" rule requires the court, in determining the substantiality of evidence supporting the Board's decision, to take into account whatever in the record fairly detracts from the weight of the Board's evidence. Under the whole evidence rule, the court may not consider the evidence which in and of itself justifies the Board's result, without taking into account contradictory evidence or. evidence from which conflicting inferences could be drawn.

Applied here, the whole record does not support the required finding that petitioner is suffering from a mental or physical disability that prevents him from exercising reasonable and ordinary control in the operation of a motor vehicle on the highways. *Ormond v. Garrett, Comr. of Motor Vehicles*, 8 N.C. App. 662, 175 S.E. 2d 371 (1970), 38 A.L.R. 3d 448 (1971).

Respondent in his brief urges us to adopt a standard that one must be free of seizures for a year before the illness may be considered adequately controlled, relying upon a publication by the North Carolina Department of Human Resources, Division of Health Services, the United States Public Health Service Guidelines, and the American Medical Association's Physician's Guide for Determining Driver Limitation. This is trial by pamphlet, rather than law, and we reject the suggestion.

---

The judgment of the superior court is

Affirmed.

Judge VAUGHN concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent. There is evidence in the record that respondent suffers from epilepsy and that he had an epileptic seizure while driving which caused him to have an automobile accident. The Medical Review Board found:

> "It is the collective opinion of this Board that Mr. Ronnie Gene Chesnutt is afflicted with or suffering from such physical or mental disability or disease as would serve to prevent such person from exercising reasonable and ordinary control over a motor vehicle while operating the same upon the highways . . . ."

I believe this finding by the Medical Review Board is supported by the evidence. I vote to reverse the judgment of the superior court.