The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Cramer and the briefs and arguments of the parties. Whatever sympathies the Full Commission may for plaintiff and his situation, the Full Commission is bound by the law which will not allow his request. Therefore, the appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers Compensation Act.
2. On July 31, 1991, plaintiff was an employee of defendant-employer, Cunningham Cycle World, within the meaning of the North Carolina Workers Compensation Act.
3. On July 31, 1991, the workers compensation insurance coverage was provided by Wausau Insurance Company.
4. On July 31, 1991, plaintiff sustained an injury by accident, which was accepted as compensable on a Form 21 approved by the Commission on October 24, 1991.
5. Temporary total disability benefits were paid from August 1, 1991 to January 12, 1992 and from June 14, 1993 to July 7, 1993. These payments were based on an average weekly wage of $410.76 yielding a compensation rate of $273.85 as reflected on the Form 21.
6. Permanent partial disability benefits in the amount of $5,477 were paid to plaintiff in a lump sum by check no. 37580501 dated November 5, 1993. Judicial notice was taken by the Deputy Commissioner of the Form 26, with the attached Form 25R, approved by the Commission on October 29, 1993, under which this payment was made.
7. Medical records for treatment rendered to plaintiff by the Veterans Administration Hospital were received as evidence.
8. On July 6, 1999, the Deputy Commissioner received from defense counsel a package of correspondence from the carrier to plaintiff, and these documents were received into evidence.
***********
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On the date of the hearing before the Deputy Commissioner, plaintiff was 49 years of age, with a birth date of November 17, 1949 and he had been working as a computer programmer for BBT Bank for over a year.
2. Plaintiffs accident of July 31, 1991 caused a fracture to his right femur. Dr. Stephen Kouba was his primary treating physician. As of October 4, 1993, Dr. Kouba rated Plaintiff with a ten percent permanent impairment to his right leg. This was the subject of the Form 26 approved by the Commission, under which plaintiff received compensation for his permanent impairment to his leg.
3. The approval of the Form 26 was somewhat irregular. Although plaintiff apparently returned to work on or about July 8, 1993, Dr. Kouba did not assess the disability rating to his leg until October 4, 1993 as reflected on the Form 25R. The Form 26 provides that benefits for the rating will be paid beginning July 8, 1993, the return to work date, though plaintiff had not been rated at that time. The carrier also paid plaintiff in a lump sum, though no request for the same had been made, and the Commission had not approved a lump sum.
4. The last payment of indemnity compensation in the lump sum amount of $5,477.00 was paid to Plaintiff by check of November 5, 1993. The check was negotiated by plaintiff shortly thereafter, around November 13, 1993. A Form 28B was electronically filed with the Commission on November 11, 1993.
5. Plaintiff filed a claim for a change of condition on or about January 24, 1996, which was more than two years past the last payment of indemnity compensation.
6. Considering all of the evidence of record, there is no indication that plaintiffs failure to file his claim within the two years allowed by the statute was due to any representations by his former employer or the carrier, such that estoppel should apply.
***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The applicable statute requires that all claims for a change of condition be made within two years of the last payment of compensation made pursuant to an award of the Commission. Despite the irregularities in the Form 26, it was approved by the Commission and payment was made and received under that Form 26 in November 1993. Because plaintiffs claim was not filed until January 24, 1996, it was not filed within the two years allowed. Therefore, any claim for weekly indemnity compensation must be denied. N.C. Gen. Stat. 97-47; Paris v. Carolina Builders Corp.,244 N.C. 35 (1956).
2. However, plaintiffs claim for additional medical compensation is not barred by N.C. Gen. Stat. 97-47. Plaintiff is therefore entitled to reasonably necessary medical treatment related to his compensable injury by accident for so long as such treatment tends to effect a cure, provide relief or lessen the period of disability. Hyler v. GTE Products Co.,333 N.C. 258 (1993).
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiffs claim for additional weekly indemnity benefits is barred by N.C. Gen. Stat. 97-47 and must be Denied.
2. However, plaintiffs claim for additional medical benefits is not barred, and is therefore Allowed. Plaintiff may go forward with this claim for additional reasonably necessary medical treatment related to his compensable injury by accident for so long as such treatment tends to effect a cure, provide relief or lessen the period of disability.
3. The parties shall bear their own costs.
This the ___ day of October 2000.
S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ CHRISTOPHER SCOTT COMMISSIONER